*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NON-PAYMENT OF GENERAL TAXES FOR THE YEAR 1985 AND PRIOR YEARS (Richard J. Trolard, d/b/a Tax Investment, Petitioner-Appellant, v. Michael Bauer *et al.*, Respondents-Appellees).

Fifth District   No. 5—90—0117

Opinion filed May 2, 1991.

Stephen P. Schrimpf, of Alton, for appellant.

John J. Johnston, of Ripplinger, Dixon & Johnston, of Belleville, for appellee Michael Bauer.

Roger S. Murphy, of Belleville, for appellee New Athens Savings & Loan Association.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Richard J. Trolard, d/b/a Tax Investment, appeals from the judgment of the circuit court of St. Clair County which denied his petition for a tax deed to real estate owned by respondent Michael Bauer and subject to a mortgage held by respondent New Athens Savings and Loan Association. The issue on appeal is whether the real estate was validly redeemed following its sale to petitioner for failure of respondents to pay 1985 real estate taxes.

At the tax sale in April 1987, petitioner purchased the lot owned by respondent Bauer. The redemption cost estimate received by respondent Bauer and dated April 24, 1989, bore the heading "OFFICE OF JANICE D. DELANEY County Clerk, St. Clair County[,] Belle-

ville, Illinois 62220," listed the total cost of redemption at $2,139.83 and further stated:

"This Estimate is Subject To Correction
Make Remittance Payable To County Clerk
(PERSONAL CHECKS NOT ACCEPTED)
CASH, MONEY ORDER, CASHIER'S CHECK ONLY"

On May 22, 1989, the instant petition was filed. The extended statutory period for redemption expired on October 20, 1989.

On approximately October 16, 1989, respondent Bauer mailed his personal check, post-dated to October 20, 1989, and made payable to "Paul M. Haas County Collector" in the amount of $2,139.83 within an envelope addressed to "Paul M. Haas County Collector." This payment was received sometime after October 16 by the county treasurer's office and delivered to the county clerk's office on October 23, 1989. By written notice dated October 25, 1989, the county clerk advised respondent Bauer. that his payment could not be accepted because the time for redemption had expired and because the amount of payment was insufficient.[1]

Following a hearing on November 8, 1989, and the submission of memoranda by the parties, the trial court, on January 26, 1990, entered its order denying petitioner's request for a tax deed and finding, *inter alia*:

"1. Michael Bauer mailed his personal check in the amount of TWO THOUSAND ONE HUNDRED THIRTY-NINE DOLLARS EIGHTY-THREE CENTS ($2,139.83) made payable to 'Paul M. Haas, County Collector' to the St. Clair. County Treasurer's Office on October 16, 1989 and said payment was received in the Treasurer's Office on October 17, 1989.

* * *

4. Bauer had previously paid his real estate taxes on at least one occasion for prior years by personal check to the St. Clair County Treasurer after the due date for the second installment, despite the fact that the tax bills indicate personal checks will not be accepted by the Treasurer for such payments.

---

[1]Although the amount of payment, $2,139.83, coincided with the April 24, 1989, cost estimate, it was less than the $3,836.93 required for redemption on October 20, 1989. The increase in the amount required for redemption resulted, in substantial part, from petitioner's payment of the subsequently accruing 1988 taxes upon the subject real estate and application of those taxes against his existing tax sales certificate on August 3, 1989.

* * *

8. Payment, although the amount may have been deficient, was made in a timely fashion since it was mailed prior to expiration of the redemption period.

9. Bauer reasonably expected his personal check for redemption would be accepted and reasonably believed he had satisfactorily redeemed his residence."

Petitioner argues that section 253 of the Revenue Act (Ill. Rev. Stat. 1989, ch. 120, par. 734) does not authorize a taxpayer to redeem with a personal check. That section states that redemption shall be made "by payment in legal money of the United States, or by cashier's check, certified check, post office money order or money order issued by a financial institution." Ill. Rev. Stat. 1989, ch. 120, par. 734.

█ Payment by personal check alone, however, will not cause a failure of redemption. (*In re Application of Williamson County Collector* (1984), 128 Ill. App. 3d 408, 409, 470 N.E.2d 1193, 1195.) In *In re Application of Williamson County Collector*, 128 Ill. App. 3d at 409, 470 N.E.2d at 1195, this court held that acceptance of a personal check by the county clerk and the issuance of a certificate of redemption effected a valid redemption. (See also *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361; *Weiner v. Chicago Title & Trust Co.* (1960), 21 Ill. 2d 69, 171 N.E.2d 50.) This court noted, however, that the county clerk was at fault for accepting a personal check contrary to the statutory direction and stated "[t]he entire problem [resulting when defendant's check was returned dishonored] would have been avoided had the clerk required redemption by one of the methods of payment set out in the statute." *In re Application of Williamson County Collector*, 128 Ill. App. 3d at 410, 470 N.E.2d at 1195.

Unlike the county clerk in *In re Application of Williamson County Collector*, the county clerk in the instant case did not accept payment and issue a certificate of redemption, but immediately returned respondent Bauer's personal check, citing the insufficiency of its amount and the untimeliness of its receipt. Although no specific objection to the medium of payment was made, Laverne Russell, chief deputy of the office of the St. Clair County clerk, testified that respondent Bauer's personal check would not have been accepted even if it had been received within the redemption period and made out for the correct amount, because it was the firm policy of the county clerk never to accept personal checks.

■ Based on these facts, we find the supreme court's decision in *Weiner v. Eder* (1961), 22 Ill. 2d 408, 176 N.E.2d 777, to be controlling. In *Eder*, the property owner attempted redemption by depositing a personal check with the county clerk one day before the expiration of the redemption period. The *Eder* court held that redemption had not occurred where the county clerk gave the owner only a conditional receipt for the check and did not post the amount thereof in the redemption records or issue a certificate of redemption until the check had cleared, which was some days after the redemption period had expired. Similarly here, assuming, *arguendo*, timely receipt of respondent Bauer's personal check, redemption was not effected where the county clerk refused to accept the check and did not issue a certificate of redemption before the expiration of the redemption period.

Respondents argue that the "government of St. Clair County" should be estopped from refusing to accept a personal check from respondent Bauer where the St. Clair County treasurer's office had previously accepted respondent Bauer's personal checks in payment for real estate taxes, in violation of the policy stated on the tax bills. Respondents contend that based on these actions by the treasurer's office, the trial court correctly found that respondent Bauer "reasonably expected his personal check for redemption would be accepted." We disagree.

■ ■ It has been held that a party claiming benefit of an estoppel must prove reasonable reliance on the acts or representations of the party sought to be estopped, without knowledge of or convenient means of learning the true facts. (*Burnidge Brothers Almora Heights, Inc. v. Wiese* (1986), 142 Ill. App. 3d 486, 494, 491 N.E.2d 841, 848.) Although public bodies are not immune from estoppel, the doctrine is applied much less readily against them than against private persons. The general rule is that a public body will not be estopped unless it has induced reliance by its own affirmative acts. *People ex rel. Department of Transportation v. Fansler* (1982), 103 Ill. App. 3d 149, 153, 430 N.E.2d 741, 744; *Wiese*, 142 Ill. App. 3d at 495, 491 N.E.2d at 849.

■ Respondents fail to meet the general requirements which are necessary to invoke the doctrine of estoppel in the present case. Respondent Bauer did not rely upon any action or representation of the county clerk's office, but upon actions of the treasurer's office. The evidence of record is that those two offices are autonomous, and respondents offer no support for their assertion that one office should be legally bound by the actions of the other.

Furthermore, "convenient means of learning the true facts" were readily available to respondent Bauer before the expiration of the redemption period. Respondent Bauer was put on notice of the requirements of section 253 of the Revenue Act by the estimated cost of redemption form issued to him by the county clerk's office. Additionally, if respondent Bauer had communicated with the county clerk's office, he would have been informed whether or not payment by personal check was accepted. (*Cf. In re Application of Critton* (1985), 139 Ill. App. 3d 719, 724, 487 N.E.2d 726, 729-30.) Under these circumstances, respondent Bauer's reliance cannot be said to be reasonable.

■ Respondents further argue that the trial court correctly found that the redemption statute should be construed liberally where no injury would result to petitioner, because a tax deed had not yet issued. (See *In re Application of County Treasurer* (1980), 84 Ill. App. 3d at 506, 509, 405 N.E.2d 869, 871.) However, we have already found that the facts present here do not fit the exception made for payment by personal check in *In re Application of Williamson County Collector*. Thus, even a liberal construction of the redemption requirements will not avail respondents where a clear statutory violation exists which is not attributable to any reasonable reliance by respondent Bauer.

■ Redemption is a statutory privilege which must be exercised conformably to the law, and not otherwise. (*Weiner v. Jobst* (1961), 22 Ill. 2d 11, 17, 174 N.E.2d 561, 564.) Therefore, where respondent Bauer was not in substantial compliance with the statute, he failed to perfect a valid redemption. Given this finding, a determination of the timeliness and sufficiency of respondent Bauer's payment, other impediments to redemption alleged by petitioner, is unnecessary.

For the foregoing reasons, the judgment of the circuit court of St. Clair County denying the issuance of a tax deed to petitioner is hereby reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH and HOWERTON, JJ., concur.