*In re* MARRIAGE OF KATHLEEN M. SUTHERLAND, Petitioner-Appellant, and CHARLES D. SUTHERLAND, Respondent-Appellee.

Second District   No. 2—92—0896

Opinion filed October 19, 1993.

Leonard T. Timpone, of Leonard Timpone & Associates, of Chicago, for appellant.

David H. Keay, of Law Office of David H. Keay, of Wheaton, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The marriage of the petitioner wife, Kathleen Sutherland, and the respondent husband, Charles Sutherland, was dissolved on May 16, 1985. The wife later petitioned the court for an increase in the amount of child support payable by the husband. The court ordered the petition stricken, and the wife moved to vacate that order. The husband moved to dismiss the wife's motion to vacate, and the court granted the husband's motion. On appeal, the wife contends that the trial court erred in striking her petition for modification and in granting the husband's motion to dismiss reconsideration of the striking order. We reverse.

On July 6, 1990, the wife filed a petition for increased child support. Pursuant to several continuance orders, the matter was continued to a hearing on January 28, 1992. Neither the wife nor her attorney appeared for the hearing. The husband's attorney asked the court to strike the "motion," as more than 90 days had passed since it was "noticed up," in violation of local rule 6.04(f), which required any motion to be called for hearing within 60 days of filing (18th Jud. Cir. R. 6.04(f) (1987)). The court struck the petition.

On February 10, 1992, the wife filed a "Petition to Vacate Dismissal and to Set For Trial" ("Petition to Vacate"). According to the "Petition to Vacate," the wife's attorney was late for the hearing on January 28. The wife asserted that on every occasion during the pendency of the petition, she was ready to proceed, but for various reasons the matter was continued. The "Petition to Vacate" further alleged that during early 1991, the parties attempted to reach a settlement, which was reduced to writing and awaited, but never received, the husband's written approval. It also alleged that resolution of the matter of modification was inhibited and delayed by the husband's actions.

On June 15, 1992, the husband moved to dismiss the wife's "Petition to Vacate." His motion was ostensibly filed under section 2—615

of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1992)). Also, it asserted that the wife's "Petition to Vacate" was a motion to set aside a default judgment and filed pursuant to section 2—1301(e) of the Code (735 ILCS 5/2—1301(e) (West 1992)). Following a hearing on July 7, 1992, the court granted the husband's motion to dismiss. The wife timely appealed from that July 7 order.

On appeal, we first note the husband's argument that the wife's brief fails to raise any issues relating to the order of July 7, 1992. We note that the husband has failed to present any related authority and we find, thus, that any such argument has been waived. See 134 Ill. 2d R. 341(e)(7).

We turn, then, to the merits of the appeal. They are directly related to the fact that the trial court dismissed the wife's petition for modification based on its finding that the petition violated local rule No. 6.04(f). Rule 6.04(f) provides:

> "Failure to Call Motions for Hearing. The burden of calling for hearing any motion previously filed is on the party making the motion. Any motion not called for hearing within sixty (60) days from the date it is filed may be stricken without notice. Any post-trial motion shall be denied if not called for hearing within sixty (60) days from the date the motion was filed." 18 Jud. Cir. R. 6.04(f) (1987).

The wife argues that her petition to modify child support was not a motion, but a pleading in a new proceeding. Thus, the wife argues that Rule 6.04(f) was not the basis for its dismissal. She further argues that considering the merits of her petition to vacate the dismissal, the court erred in granting the husband's "2—615" motion to dismiss her petition to vacate. The husband argues that Rule 6.04(f) applies, suggesting that the wife's petition to modify was a post-judgment motion in the dissolution proceeding.

■ A motion is an application to the court for a ruling or an order in a pending case. (*People v. City of East St. Louis* (1990), 206 Ill. App. 3d 626, 640.) A post-trial motion must be filed within 30 days of the judgment (735 ILCS 5/2—1203(a) (West 1992)), and it must specify one or more of the types of relief in section 2—1203 (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 461). A pleading, in contrast, consists of a party's formal allegations of his claims or defenses. Black's Law Dictionary 1152 (6th ed. 1990).

■ Under section 511(a) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act), a dissolution judgment may be modified by the filing of a petition with notice mailed to the respondent or by the issuance of a summons (750 ILCS 5/511(a) (West 1992)), a pro-

cedure consistent with the filing of a pleading. (See 735 ILCS 5/2—201(a), 5/2—602 (West 1992).) Further, case law, including that which designates a petition to modify a dissolution judgment as a new proceeding (*In re Marriage of Sipich* (1980), 80 Ill. App. 3d 883, 890), indicates that a petition for modification of child support is to be considered a pleading. See *In re Marriage of Zukausky* (1993), 244 Ill. App. 3d 614, 618 (in a child support modification proceeding, the trial court's "authority [is] limited to the relief sought in the pleadings"); see also *Stark v. Stark* (1971), 131 Ill. App. 2d 995, 997.

■ The wife's petition for increased child support was filed under sections 510 and 511 of the Marriage Act, and it was filed long after the 30-day period for post-judgment motions had expired. We find that for the purposes of our analysis here, it was a pleading, not a motion.

Given that the wife's petition to modify constituted a pleading, we find that the court's January 28 order to strike it constituted a dismissal of the complaint and that the wife's "Petition to Vacate" actually was a motion to reconsider the dismissal of January 28, pursuant to section 2—1203 of the Code (735 ILCS 5/2—1203(a) (West 1992)). Despite the husband's urgings, that motion to reconsider could not be dismissed pursuant to section 2—615, because section 2—615 applies only to the dismissal of pleadings. (See 735 ILCS 5/2—615 (West 1992).) Rather, the court's order of July 7, 1992, granting the husband's motion, was necessarily an order denying the wife's 2—1203 motion to reconsider the dismissal order of January 28, and we analyze it as such.

Pursuant to section 2—1203, the court has discretion to modify or set aside a judgment within 30 days of its entry. (735 ILCS 5/2—1203(a) (West 1992)); see also *In re Marriage of Sheber* (1984), 121 Ill. App. 3d 328, 334.) On review, the appellate court must examine not merely whether the court's order pursuant to section 2—1203 represented an abuse of discretion but, rather, whether regarding that order, substantial justice is being done between the parties. *Sheber*, 121 Ill. App. 3d at 334.

■ In this case, the trial court based its initial order striking the wife's petition to modify upon local rule 6.04(f)—a rule that by its own term applies to motions and, thus, did not apply to the petition. Given (1) the court's reliance on an ineffective basis for the original order striking the petition to modify; (2) the wife's explanation of the delay in calling the petition to modify for a hearing; (3) the wife's explanation of her attorney's untimeliness at the hearing on the husband's motion to strike the petition; plus (4) the wife's effective pleading of

grounds to modify child support; and despite any failings in the wife's failure to file a proof of service with her underlying petition for modification (see 134 Ill. 2d R. 104), we find that the court's July 7 order, effectively denying vacation of its initial striking of the wife's petition to modify, failed to do justice between the parties. See *In re Marriage of Sheber* (1984), 121 Ill. App. 3d 328, 334.

Based upon our above findings, we reverse the judgment of the circuit court of Du Page County and remand the cause for further proceedings consistent with our decision.

Reversed and remanded.

UNVERZAGT and DOYLE, JJ., concur.