659 N.E.2d 457 (1995)
276 Ill.App.3d 1084
213 Ill.Dec. 541
In re APPLICATION FOR JUDGMENT AND SALE BY THE COUNTY TREASURER AND EX OFFICIO COUNTY COLLECTOR OF ST. CLAIR COUNTY, ILLINOIS, IN CONFORMITY WITH THE REVENUE ACT OF 1939, AS AMENDED (Jesse L. Howell and Deborah A. Howell, Petitioners-Appellees,
v.
Galmon Corporation, Respondent-Appellant).
No. 5-94-0657.
Appellate Court of Illinois, Fifth District.
December 28, 1995.
*458 Paul P. Waller, Jr., Belleville, for appellant.
Richard O. Erdmann, Fairview Heights, for appellees.
Presiding Justice HOPKINS delivered the opinion of the court:
On October 22, 1991, the trial court judge, Honorable Richard Aguirre, granted the petition of Galmon Corporation (Galmon) for a tax deed to property owned by the appellees, Jesse and Deborah Howell (the owners). On February 24, 1994, another trial court judge, Honorable Robert LeChien, issued an order allowing the owners' petition to cancel the tax deed. Judge LeChien's order setting aside the tax deed was based upon his finding that the earlier order granting the tax deed was void for lack of jurisdiction. Galmon appeals from the order setting aside the tax deed and from the trial court's denial of its posttrial motion.
The issue presented for our review appears to be a question of first impression in Illinois: whether a property owner can redeem property for back taxes after a petition for tax deed has been filed, without complying with the requirements of section 253(f) of the Revenue Act of 1939 (35 ILCS 205/253(f) (West 1992)). For reasons we will more fully set forth, we hold that a property owner must comply with section 253(f) after the tax purchaser has filed its petition for tax deed. Accordingly, we reverse the trial court's order setting aside the tax deed.
The facts of this case are not in dispute. On May 15, 1989, the owners' property was sold for delinquent taxes. The owners never lived on this property, which is an abandoned school building. On August 28, 1990, Galmon was assigned the original tax purchaser's interest in the property. On May 31, 1991, the court entered an order extending the period of redemption to October 15, 1991. Also on May 31, 1991, Galmon filed its petition for an order directing the issuance of a tax deed.
On October 11, 1991, four days before the expiration of the extended redemption period, Michael Duggan paid the full amount necessary to redeem the property. He paid the redemption amount in his own name without reference to any connection to the owners, and the certificate of redemption was *459 issued in his name alone. It was later established that Duggan is the owners' accountant and was paying the taxes on their behalf. It is also undisputed that the owners were given all of the required statutory notices of the pending tax sale proceedings.
However, neither Duggan nor the owners were notified as to Galmon's motion for an order of default and motion for issuance of a tax deed, both of which were filed on October 22, 1991. The motion for issuance of a tax deed alleged, in part, that the redemption period was expired, that the owners had not redeemed the property prior to October 15, 1991, and that Duggan had attempted to redeem the property, but that "he was a stranger to the title of the property" and that he had no redeemable interest. The trial court entered an order of default and order for deed on October 22, 1991.
The St. Clair County Clerk issued the tax deed to Galmon on November 25, 1991, and on December 2, 1991, the clerk refunded the redemption money to Duggan, cancelling the certificate of redemption issued to him. On December 17, 1991, Galmon sold the property to East St. Louis Illinois Development Corporation (Development Corporation) for $5,776.98. The deed from Galmon to Development Corporation was recorded on December 19, 1991.
On January 8, 1992, the owners filed their petition to cancel the tax deed and on January 14, 1992, filed an amended petition, alleging, in part, that Duggan was acting as the agent of the owners when he paid the redemption money, that the redemption deprived the court of jurisdiction from that date forward, that Galmon's failure to give notice to the owners or Duggan of the hearing on the motions for default and for issuance of the deed constituted fraud, and that Galmon's allegation that Duggan was a stranger to the title amounted to fraud, since anyone who redeems property from a tax sale is presumed to be the owner or acting on behalf of the owner. 35 ILCS 205/253(a) (West 1992).
An evidentiary hearing was held on November 23, 1993, and Judge LeChien entered an order on February 24, 1993, finding that the order for issuance of the tax deed, dated October 22, 1994, was void for lack of jurisdiction. Galmon filed a posttrial motion, which was denied on August 26, 1994. This appeal followed.
We first consider whether the judge properly determined that the court's previous order of October 22, 1991, was void for lack of jurisdiction. A tax sale proceeding is an in rem action for which the circuit court acquires general subject matter jurisdiction when the county collector applies for judgment and order of sale. (Wilder v. Finnegan (1994), 267 Ill.App.3d 422, 204 Ill.Dec. 795, 642 N.E.2d 496.) The circuit court's power is derived from its jurisdiction over the land itself. (Wilder, 267 Ill.App.3d 422, 204 Ill.Dec. 795, 642 N.E.2d 496.) An order is not void merely because of an error or impropriety but is void only where the court lacked jurisdiction or exceeded its authority. (In re Application of Cook County Collector (1991), 228 Ill.App.3d 719, 170 Ill.Dec. 649, 593 N.E.2d 538.) Even where the error involves the lack of proper notice to the owners of the land, the trial court is not divested of jurisdiction by such error. Wilder, 267 Ill.App.3d 422, 204 Ill.Dec. 795, 642 N.E.2d 496; Application of Cook County Collector, 228 Ill.App.3d 719,170 Ill.Dec. 649, 593 N.E.2d 538.
The trial court in the instant case acquired general subject matter jurisdiction when the county collector initially applied for judgment and order of sale. There is no question that the trial court which ordered the issuance of the tax deed had the inherent power to enter that order. Thus, the trial court was incorrect in determining that the October 22, 1991, order issuing the tax deed was void for lack of jurisdiction. Nevertheless, as a court of review, we may affirm the trial court on any basis discernible from the record, regardless of the reason cited by the trial court. Material Service Corp. v. Department of Revenue (1983), 98 Ill.2d 382, 75 Ill.Dec. 219, 457 N.E.2d 9.
In order to determine if there is any basis upon which to affirm the trial court, we now consider whether the owners made a legal redemption of their real estate. Galmon argues that the owners did not legally *460 redeem their land, because they failed to comply with the mandatory provisions of section 253(f), which provides, inter alia, as follows:
"Any person redeeming under this Section at a time subsequent to the filing of a petition under section 266 or 266a [a petition for tax deed], who desires to preserve his right to defend against the petition for tax deed, shall accompany his deposit for redemption with a writing substantially in the following form:
* * * * * *
Any grounds for the objection not specified at the time of the redemption under protest shall not be considered by the court. The specified grounds for the objections shall be limited to those defenses as would provide sufficient basis to deny entry of an order for issuance of a tax deed * * *." (Emphasis added.) 35 ILCS 205/253(f) (West 1992).
The owners argue that section 253(f) does not apply to them, as they are not protesting the tax. The owners claim that Judge LeChien properly concluded that redemption under protest pursuant to section 253(f) would impose an unnecessary procedure since Galmon is prohibited from obtaining an order for tax deed unless "the real estate is not redeemed from sale." (35 ILCS 205/266 (West 1992).) The owners' argument fails. While the trial court might disagree with the wisdom of the legislature in enacting section 253(f), it lacked the authority to disregard the mandatory provisions of section 253(f). Just as Galmon, the tax purchaser, was required to strictly follow the rules in order to obtain its tax deed (Smith v. D.R.G., Inc. (1976), 63 Ill.2d 31, 344 N.E.2d 468), the owners were required to follow the rules in order to validly redeem their property from the nonpayment of back taxes. In re Application of County Collector (1991), 212 Ill. App.3d 446, 156 Ill.Dec. 665, 571 N.E.2d 252.
In this case, the owners purchased the property in 1985 but failed to pay any real estate taxes for any subsequent year, until Duggan attempted to redeem the property on their behalf. The owners admitted that they were aware that they had until October 15, 1991, to redeem. The only notice of the extended redemption date of October 15, 1991, was in the newspaper publication of June 1991, which also stated that Galmon had filed its petition for tax deed and that on October 22, 1991, Galmon would request a tax deed from the court. Thus, Galmon not only complied with all of the statutory notice provisions necessary to entitle it to a tax deed, the record is clear that the owners were actually aware of the proceedings against them and the date on which the court would enter the tax deed to Galmon.
We hold that the provisions of section 253(f) are mandatory and apply to any person attempting to redeem real estate after a petition for tax deed has been filed. A fundamental rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. (Kraft, Inc. v. Edgar (1990), 138 Ill.2d 178, 149 Ill.Dec. 286, 561 N.E.2d 656.) The words used by the legislature in the statute itself are the best indicator of the meaning, and the courts should not look beyond the words of the statute unless those words are ambiguous. (Kraft, 138 Ill.2d 178, 149 Ill.Dec. 286, 561 N.E.2d 656.) To determine the meaning of the statute, it must be read in its entirety and should not be construed so as to render any of its parts superfluous or meaningless. Kraft, 138 Ill.2d 178, 149 Ill.Dec. 286, 561 N.E.2d 656.
A review of the statutes applicable to this case supports our holding. Section 253(a) (35 ILCS 205/253(a) (West 1992)) defines who has a right to redemption: "any owner or person interested in real estate other than an undisclosed beneficiary of an Illinois land trust." Once the property is redeemed, the redemption is presumed to have been made by or on behalf of the owners or persons interested. The clear meaning of section 253(a), as it applies to this case, is that Duggan is presumed to have attempted to redeem the property on behalf of the owners. However, the presumption of section 253(a) is not relevant unless the redemption is otherwise valid.
Section 253(f) also applies to the redemption of property. Section 253(f) is more specific than section 253(a), because 253(f) *461 applies only to those redemptions made "subsequent to the filing of a petition" for tax deed, but section 253(a) applies by its language to any redemption, regardless of the time frame. Where two sections of a statute conflict, the terms of the more specific statute must prevail. (Bowes v. City of Chicago (1954), 3 Ill.2d 175, 120 N.E.2d 15; United Legal Foundation v. Department of Revenue (1995), 272 Ill.App.3d 666, 209 Ill.Dec. 91, 650 N.E.2d 1064.) Therefore, under the rules of statutory construction, and under the clear terms of section 253(f), the owners were required to file their written redemption under protest, since they failed to redeem the property before Galmon filed its petition for tax deed. Since the owners did not file a written redemption under protest, they failed "to preserve [their] right to defend against the petition for tax deed." 35 ILCS 205/253(f) (West 1992).
After the tax deed was issued to Galmon, it was "incontestable except by appeal." (35 ILCS 205/266 (West 1992).) The owners did not file an appeal from the October 22, 1991, order directing the issuance of the tax deed. Therefore, the owners' only remedy was to file a postjudgment petition pursuant to section 2-1401 of the Civil Practice Law. (735 ILCS 5/2-1401 (West 1992).) The owners filed a section 2-1401 petition, but they did not allege grounds sufficient to vacate the order for tax deed. The grounds for relief under a section 2-1401 petition contesting a tax deed are limited by statute (35 ILCS 205/266 (West 1992)) to a showing by clear and convincing evidence that the tax deed was procured by fraud or deception, that the taxes were paid prior to the original sale of the land for taxes, or that the property was exempt from taxes.
The owners' section 2-1401 petition did not allege that the taxes were paid prior to the initial tax sale in 1989 or that the real estate was exempt from taxation. The owners' amended section 2-1401 petition alleged only that Galmon's petition for tax deed was a fraud upon the court in that Galmon's allegation that Duggan was a stranger to the title was a false statement, since section 253(a) provides that anyone who redeems property is presumed to do so on behalf of the owner. The owners' argument in this respect is circular and without merit.
Fraud implies a wrongful intent, an act calculated to deceive. (In re Application of County Treasurer (1994), 267 Ill.App.3d 993, 204 Ill.Dec. 840, 642 N.E.2d 741.) However, where the trial court is made aware of all of the facts known to the tax deed petitioner, there is no deceptive act constituting fraud. (Application of County Treasurer, 267 Ill. App.3d 993, 204 Ill.Dec. 840, 642 N.E.2d 741.) In the case at bar, Galmon's motion for tax deed advised the court of all the relevant facts available at the time, i.e., that Duggan was not a part of the chain of title and that the owners had not redeemed the property themselves. Galmon did not deceive the court by giving it this information, because Galmon could reasonably rely on the trial court to be aware of the law (Application of County Treasurer, 267 Ill.App.3d 993, 204 Ill.Dec. 840, 642 N.E.2d 741), including section 253(a) and its presumption that Duggan acted on behalf of the owners.
The owners of the real estate involved in this case purchased property in 1985 but took no action to protect their property from a tax sale until they directed someone else to pay the redemption amount, four days before the expiration of the extended redemption period and four and one-half months after Galmon filed its petition for tax deed. Those who own real estate have a liberal right of redemption (In re Application of County Treasurer (1989), 185 Ill.App.3d 789, 134 Ill.Dec. 218, 542 N.E.2d 397), but that right cannot be so liberally construed that the rules applying to redemption are invalidated and overlooked. As Galmon points out, if the owners had complied with section 253(f) by filing a written redemption under protest, they could have successfully redeemed their property. The owners in this case failed to follow the redemption statute, failed to file a timely appeal from the October 22, 1991, order directing the issuance of the tax deed, and failed to show fraud on the part of Galmon. Under the circumstances, the trial court abused its discretion by vacating the order for tax deed. Accordingly, we reverse and reinstate the October *462 22, 1991, order directing the issuance of a tax deed to Galmon.
Reversed; October 22, 1991, order reinstated.
KUEHN and WELCH, JJ., concur.