685 N.E.2d 656 (1997)
292 Ill. App.3d 310
226 Ill.Dec. 401
In re Application of the COUNTY TRESURER and ex officio County Collector, for Judgment and Order of Sale Against Real Property Returned Delinquent for Nonpayment of General Taxes and Special Assessments for the Year 1992 and Prior Years (Bluegreen Corporation of Lake Carroll, Petitioner-Appellant,
v.
C and W Investment, Inc., Respondent-Appellee).
No. 2-96-1203.
Appellate Court of Illinois, Second District.
September 26, 1997.
James P. Devine, Williams & McCarthy, Rockford, for Bluegreen Corporation of Lake Carroll.
Eric C. Pratt, Pratt Law Office, Rockford, for C&W Investments, Inc.
Justice DOYLE delivered the opinion of the court:
This appeal raises the issue of whether section 21380 of the Property Tax Code (Tax Code) (35 ILCS 200/21380 (West 1996)) requires that a redemption be made under protest if the redemption occurs after a petition for a tax deed has been filed. Petitioner, Bluegreen Corporation of Lake Carroll (Bluegreen), appeals from an order of the circuit court of Carroll County which denied Bluegreen's motion to vacate an order to issue a tax deed to respondent, C&W Investments, Inc. (C & W). Bluegreen contends that the trial court erred when it ruled that Bluegreen's attempt to redeem after C & W filed a petition for a tax deed failed because Bluegreen did not redeem under protest.
The essential facts are not in dispute. At a tax sale held on November 29, 1993, C&W purchased a parcel of real property located in Carroll County (the property) and received a certificate of purchase for the property. On March 8, 1996, C&W filed a petition for a tax deed on the property. In addition, at C & W's direction, the county clerk issued a "Take Notice" dated March 8, 1996, to each owner, occupant, and lien holder of record, including a lien holder known as Patten Corporation.
Bluegreen, the successor to Patten Corporation, received a take notice. The take notice advised Bluegreen that the property had been sold for delinquent taxes; the period of redemption would expire July 19, 1996 (an extended period of redemption); a petition for a tax deed had been filed; a hearing on the matter was set for July 22, 1996; and *657 Bluegreen could be present at the hearing, but the right to redeem would have already expired at that time. The take notice urged Bluegreen to redeem immediately to prevent loss of the property and advised that "[r]edemption can be made at any time on or before July 19, 1996[,] by applying to the County Clerk."
On July 11, 1996, William J. Urquart, a Bluegreen employee, called the county clerk's office in Carroll County to obtain redemption information regarding the property. Urquart spoke to a deputy clerk who advised him that the redemption amount for the property was $4,627.67. On the same date, Urquart sent a cashier's check to the county clerk's office in the amount of $4,627.67 to redeem the property. The county clerk's office received the check on July 12, 1996.
On July 22, 1996, the trial court conducted a hearing on C & W's petition for a tax deed. Bluegreen did not appear at the hearing. C & W's president, Walter Pratt, testified on C & W's behalf. While Pratt was testifying, the court asked if the property had been redeemed. C & W's attorney, Eric Pratt, responded:
"There was an attempt to redeem. I submit the County Clerk's Affidavit signed by Judith Gray on the matter that's before the Court. Of particular importance is that the entire redemption amount was paid; however, the party in an attempt to redeem did not comply with Section 35 ILCS 200/21-380 [sic ] in that they did not file a redemption under protest document which I have the statute for here."
In support of its position, C & W provided the trial court with a copy of a decision from the Appellate Court, Fifth District, In re Application for Judgment & Sale by the County Treasurer & Ex Officio County Collector, 276 Ill.App.3d 1084, 213 Ill.Dec. 541, 659 N.E.2d 457 (1995) (hereinafter Galmon, one of the parties in the case). C & W asserted that Galmon controlled this case and required the party attempting to redeem to do so under protest. C & W further asserted that a party attempting to redeem under protest was required to file a form entitled "Redemption Under Protest." C & W argued that because the party attempting to redeem in this case (Bluegreen) did not file such a form the attempted redemption failed.
C & W advised the trial court that there were no contrary opinions to Galmon. The court then entered an order directing the county clerk to issue a tax deed to C & W. The order stated that the property had not been redeemed; directed the clerk to return the redemption money to Bluegreen; and required C & W to mail a copy of the order to Bluegreen.
On August 6, 1996, Bluegreen filed a motion to vacate the order for the issuance of a tax deed pursuant to section 21203 of the Code of Civil Procedure (Code) (735 ILCS 5/21203 (West 1996)). The motion asserted that Bluegreen had properly redeemed the property prior to the expiration of the redemption period and that the trial court therefore erred in finding that the property had not been redeemed.
On September 9, 1996, the trial court conducted a hearing on Bluegreen's motion to vacate. Bluegreen argued that Galmon was factually distinguishable from this case and therefore was not controlling. However, the trial court determined that Galmon was directly on point and was controlling. Based on that determination, the court concluded that it had no choice but to follow Galmon.
On September 18, 1996, the trial court entered an order which denied Bluegreen's motion to vacate. The order stated that it was final and appealable. Bluegreen's timely notice of appeal followed.
Initially, we note that this court recently held that a party may contest the issuance of a tax deed by filing a motion under section 21203 of the Code as Bluegreen did in this case. In re Application of the County Collector, 281 Ill.App.3d 467, 478, 217 Ill.Dec. 316, 667 N.E.2d 109 (1996). In reviewing the propriety of a trial court order disposing of a motion filed under section 2 1203, the appellate court must examine whether the trial court abused its discretion and whether substantial justice between the parties was done. In re Marriage of Sutherland, *658 251 Ill.App.3d 411, 414, 190 Ill.Dec. 695, 622 N.E.2d 105 (1993).
On appeal, Bluegreen first contends that Galmon was incorrectly decided. Bluegreen argues that the Galmon court misconstrued section 253(f) of the Revenue Act of 1939 (35 ILCS 205/253(f) (West 1992)), the substantially identical predecessor to section 21380 of the Tax Code (35 ILCS 200/21380 (West 1996)), the statute at issue in this case.
Section 21380 of the Tax Code provides, in relevant part:
"Redemption under protest. Any person redeeming under this Section at a time subsequent to the filing of a petition under Section 2230 or 21-445 [petition for tax deed], who desires to preserve his or her right to defend against the petition for a tax deed, shall accompany the deposit for redemption with a writing substantially in the following form: [format provided]
* * * * * *
Any grounds for the objection not specified at the time of the redemption under protest shall not be considered by the court. The specified grounds for the objections shall be limited to those defenses as would provide sufficient basis to deny entry of an order for issuance of a tax deed. Nothing in this Section shall be construed to authorize or revive any objection to the tax sale or underlying taxes which was estopped by entry of the order for sale * * *.
* * * * * *
The county clerk shall enter the redemption as provided in Section 21230 and shall note the redemption under protest. The redemption money so deposited shall not be distributed to the holder of the certificate of purchase but shall be retained by the county clerk pending disposition of the petition filed under Section 22 30.
Redemption under protest constitutes the appearance of the person protesting in the proceedings under Section 2230 through 2255 and that person shall present a defense to the petition for tax deed at the time which the court directs. Failure to appear and defend shall constitute a waiver of the protest and the court shall order the redemption money distributed to the holder of the certificate of purchase upon surrender of that certificate and shall dismiss the proceedings.
When the party redeeming appears and presents a defense, the court shall hear and determine the matter. If the defense is not sustained, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of purchase and shall order the party redeeming to pay the petitioner reasonable expenses, actually incurred, including the cost of withheld redemption money, together with a reasonable attorneys [sic ] fee. Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error * * * and shall direct the county clerk to return all or part of the redemption money or deposit to the party redeeming." 35 ILCS 200/21380 (West 1996).
Section 21380 also sets out a format for a form entitled "Redemption Under Protest" (protest form). The information required by the protest form includes specification of "the grounds relied upon for the objection." 35 ILCS 200/21380 (West 1996).
The Galmon court construed a predecessor statute to section 21380. The predecessor statute was virtually identical to section 21380 except for references to other sections of the Tax Code which have since been renumbered. Compare 35 ILCS 205/253(f) (West 1992) with 35 ILCS 200/21 380 (West 1996).
In Galmon, property had been sold for delinquent taxes and the tax purchaser had petitioned for a tax deed. The property owner subsequently sought to redeem the property by paying the county clerk the full amount necessary to redeem the property four days before the expiration of an extended period of redemption. Galmon, 276 Ill. App.3d at 1086, 213 Ill.Dec. 541, 659 N.E.2d 457. Without notifying the owners, the party seeking the tax deed later motioned for an order of default and for the issuance of the tax deed alleging that the owners had not *659 redeemed the property and that the attempted redemption by their accountant was ineffective because he had no redeemable interest. The trial court subsequently entered an order of default and an order for a tax deed. 276 Ill.App.3d at 1086, 213 Ill.Dec. 541, 659 N.E.2d 457.
On appeal, the Appellate Court, Fifth District, stated that the issue presented for review, an issue of first impression, was "whether a property owner can redeem property for back taxes after a petition for tax deed has been filed, without complying with the requirements of section 253(f) of the Revenue Act of 1939." 276 Ill.App.3d at 1086, 213 Ill.Dec. 541, 659 N.E.2d 457. The court noted that the owners argued that section 253(f) did not apply to them because they were not protesting the tax.
The Galmon court then construed section 253(f) to apply to all redemptions brought subsequent to the filing of a petition for a tax deed. 276 Ill.App.3d at 1089, 213 Ill.Dec. 541, 659 N.E.2d 457. The court concluded that the owners failed to redeem their property before the tax purchaser filed a petition for a tax deed and section 253(f) therefore required them "to file their written redemption under protest." 276 Ill.App.3d at 1089, 213 Ill.Dec. 541, 659 N.E.2d 457. The court concluded that, because "the owners did not file a written redemption under protest, they failed `to preserve [their] right to defend against the petition for tax deed.'" 276 Ill. App.3d at 1089-90, 213 Ill.Dec. 541, 659 N.E.2d 457, quoting 35 ILCS 205/253(f) (West 1992).
In this case, Bluegreen contends on appeal that the Galmon court misconstrued section 253(f) (now section 21380). Thus, the question before us is one of statutory construction. A decision by one district of the appellate court is not binding upon other districts. Knapp v. Palos Community Hospital, 176 Ill.App.3d 1012, 1018, 126 Ill.Dec. 362, 531 N.E.2d 989 (1988). Statutory construction is an issue of law and our review is therefore de novo. Boaden v. Department of Law Enforcement, 171 Ill.2d 230, 237, 215 Ill.Dec. 664, 664 N.E.2d 61 (1996).
The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989, 167 Ill.2d 161, 168, 212 Ill.Dec. 215, 656 N.E.2d 1049 (1995). A court's inquiry into legislative intent begins with the language of the statute taken as a whole and considering all relevant parts. Advincula v. United Blood Services, 176 Ill.2d 1, 16-17, 223 Ill.Dec. 1, 678 N.E.2d 1009 (1996). In construing a statute, a court should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the enactment. Nottage v. Jeka, 172 Ill.2d 386, 392, 217 Ill.Dec. 298, 667 N.E.2d 91 (1996).
Under these principles, we conclude that, contrary to Galmon's interpretation, section 21380 does not require every person redeeming after a petition for a tax deed has been filed to redeem under protest and therefore comply with the requirements of section 21380. Rather, by its plain language, section 21380 evinces a clear legislative intent that it only apply to those who have opted to redeem under protest after a petition for a tax deed has been filed and who desire to preserve their right to defend against the petition.
This limited application of section 21380 is apparent from the plain words of the first sentence of the first paragraph of section 21380. The limitation to those redeeming under protest is clear from the first part of the sentence which states "[a]ny person redeeming under this Section." (Emphasis added.) 35 ILCS 200/21380 (West 1996). In construing a statute, a court must consider every part of the statute, including its title. People v. Warren, 173 Ill.2d 348, 357, 219 Ill.Dec. 533, 671 N.E.2d 700 (1996). Section 21380 is entitled "Redemption under protest" and read in its entirety plainly applies only to those redeeming under protest. Thus, we understand the phrase "Any person redeeming under this Section" to mean "any person redeeming under protest."
Construing the first part of the first sentence to include persons not redeeming under protest would render the phrase "under *660 this Section" superfluous. If the legislature had intended section 21380 to apply to all redeemers, i.e., those not redeeming under protest as well as those redeeming under protest, it would have been unnecessary to use the phrase "under this Section" in the sentence. We may not presume a surplusage in construing a statute, and we must, if possible, give each word, clause, or sentence some reasonable meaning. Advincula, 176 Ill.2d at 26, 223 Ill.Dec. 1, 678 N.E.2d 1009. The only reasonable meaning we can discern in the phrase "under this Section" is that it limits the application of section 21380 to those redeeming under protest.
The remainder of the first sentence of the first paragraph of section 21380 read together with the requirement to include a protest form with the redemption supports a construction that section 21380 applies only to persons redeeming under protest. The remainder of the first sentence limits the application of section 21380 to a person redeeming after a petition for a tax deed has been filed who also "desires to preserve his or her right to defend against the petition for a tax deed." 35 ILCS 200/21380 (West 1996). The model protest form requires specification of the grounds for the protest.
Only a person redeeming under protest and wishing to preserve his or her right to defend against the petition for a tax deed would have a need to file a protest form specifying the "grounds relied upon for the objection." It would be absurd to require a person not redeeming under protest to submit a protest form specifying the grounds for a protest. In construing a statute, a court should presume that the legislature did not intend an absurdity, inconvenience, or injustice. In re B.C., 176 Ill.2d 536, 543, 223 Ill.Dec. 919, 680 N.E.2d 1355 (1997).
We recognize that the Appellate Court, Fifth District, held in Galmon that the provisions of section 253(f) (now section 21380) apply to "any person attempting to redeem real estate after a petition for a tax deed has been filed." Galmon, 276 Ill.App.3d at 1089, 213 Ill.Dec. 541, 659 N.E.2d 457. However, we believe the Galmon analysis was flawed because it ignored the phrase "any person redeeming under this Section" in the first sentence of the statute. Galmon thus ignored a clear limitation of the application of the statute to those redeeming under protest. Galmon's holding results in the anomalous requirement that any person redeeming after the filing of a petition for a tax deed must redeem under protest even if the person has no desire to redeem under protest and can state no grounds for redeeming under protest.
In arriving at this result, Galmon may have confused the preservation of the right to defend against a petition for a tax deed with the right to redeem after the filing of a petition for a tax deed. However, the plain language of the last paragraph of section 21380 shows that the right to defend against a petition for a tax deed is not the same as the right to redeem after the filing of a petition for a tax deed.
This language shows that the redemption occurs even if the defense to a petition for a tax deed is not sustained. Thus, the defense to a petition for a tax deed is independent of the redemption. It follows that a person may redeem after the filing of a petition for a tax deed without redeeming under protest.
Other sections of division 7 of article 21 of the Tax Code, the division governing redemption, support our interpretation. Section 21345 defines those having a right of redemption and limits redemption to only those having such a right. 35 ILCS 200/21 345 (West 1996). Section 21350 sets out provisions establishing various periods of redemption, including an extended period of redemption established by the holder of a certificate of purchase. 35 ILCS 200/21 350 (West 1996). Section 21355 sets out provisions for establishing the amount and form of the redemption and provides that the deposit for redemption "shall be deemed timely only if actually received in person at the county clerk's office prior to the close of business * * * on or before the expiration of the period of redemption" or if postmarked not less than one day before "the expiration of the period of redemption." 35 ILCS 200/21355 (West 1996). These sections do not require any additional procedure for a valid redemption such as the submission of a *661 protest form after a petition for a tax deed has been filed.
For these reasons, we hold that the provisions of section 21380 requiring the submission of a protest form apply only to a person redeeming under protest, after a petition for a tax deed has been filed, and when the redeemer desires to preserve the right to defend against the petition for a tax deed. Thus, section 21380 does not apply to a person who is not redeeming under protest.
In this case, Bluegreen was not redeeming under protest. Consequently, section 21 380 did not apply to Bluegreen's redemption, and Bluegreen was not required to submit a protest form along with its deposit for redemption as required by section 21380.
We note that the trial court correctly determined that Galmon was directly on point. Because Galmon was the only reported appellate court opinion on point, the trial court was required to follow Galmon. However, we have now decided not to follow Galmon.
Because of our disposition we need not address Bluegreen's argument that it should not be prejudiced by the alleged mistake of the county clerk in not advising Bluegreen it was required to submit a protest form.
Based on the foregoing, we reverse the trial court orders that denied Bluegreen's motion to vacate and that granted a tax deed to C & W and remand this cause for further proceedings consistent with this opinion.
Reversed and remanded.
BOWMAN and HUTCHINSON, JJ., concur.