(No. 86101.—

A.P. PROPERTIES, INC., Appellant, v. ROBERT H. GOSHINSKY *et al.*, Appellees.

*Opinion filed July 1, 1999.*

Law Offices of Thaddeus M. Bond, Jr. & Associates, P.C., of Waukegan, for appellant.

Jeffrey M. Weston, of Chicago, for appellees.

JUSTICE RATHJE delivered the opinion of the court:

This appeal arises from two actions consolidated in the circuit court of Lake County. In the first action, A.P. Properties, Inc. (A.P.), filed a petition for a tax deed, and respondent, Illinois Real Estate Opportunity Fund I, L.L.C. (Fund), sought to have the petition dismissed pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)). In the second action, A.P. filed a chancery complaint against defendants Robert Goshinsky, Leeanna Goshinsky, Corey Goldstein, and the Fund (collectively defendants). Defendants sought to dismiss that action as well. See 735 ILCS 5/2—615 (West 1996). After consolidating the actions, the trial court granted both motions to dismiss. The appellate court affirmed the dismissals. 298 Ill. App. 3d 475. Thereafter, we granted A.P.'s petition for leave to appeal. See 177 Ill. 2d R. 315.

The issues presented are (1) whether the purchaser of a tax sale certificate is a creditor of the property owner and therefore may seek relief under the Uniform Fraudulent Transfer Act (Act) (740 ILCS 160/1 *et seq.* (West 1996)); and (2) whether a party redeeming delinquent

taxes after a petition for tax deed has been filed must file a redemption under protest form.

## BACKGROUND

In December 1993, A.P. purchased the delinquent taxes on property that Leeanna[1] owned. On June 7, 1996, Leeanna transferred her interest in the property to Robert, who became the sole owner. On July 26, 1996, A.P. filed a petition for tax deed. A.P. set the redemption period to expire on November 29, 1996. On November 19, 1996, for $5,000, Robert sold the property to the Fund. One day later, the Fund redeemed the taxes.

Thereafter, the Fund sought to dismiss A.P.'s petition for a tax deed. A.P. responded that, because the Fund had not filed a written redemption under protest, it was prohibited from challenging A.P.'s petition for a tax deed. Additionally, A.P. filed a chancery complaint alleging that the transfer of the property from Leeanna to Robert and from Robert to the Fund violated the Act. Defendants moved to dismiss this complaint, alleging that A.P. lacked standing under the Act. The trial court granted both motions to dismiss. The appellate court affirmed the trial court's judgment.

## FRAUDULENT TRANSFER CLAIM

A.P. first argues that it is entitled to seek relief under the Act. The trial court dismissed A.P.'s claim pursuant to section 2—615. When we review the granting of such a motion, we accept all well-pleaded facts as true, and we should affirm the trial court's judgment if our *de novo* review reveals that the allegations, when viewed in the light most favorable to the plaintiff, are insufficient to state a cause of action upon which relief may be granted. *Brogan v. Mitchell International, Inc.*, 181 Ill. 2d 178, 183 (1998).

---

[1]Although the appellate court opinion refers to Leeanna as Robert's sister (298 Ill. App. 3d at 477), the pleadings allege that Leeanna is Robert's wife.

A.P. asserts that its cause of action is based on section 5(a) of the Act. This section provides, in relevant part:

"A transfer made or obligation incurred by a *debtor* is fraudulent as to a *creditor*, whether the creditor's *claim* arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
\*\*\*

(B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." (Emphasis added.) 740 ILCS 160/5(a) (West 1996).

A review of this provision clearly reveals that, for a cause of action to exist, the factual situation must include a *debtor* who is liable on a *claim* to a *creditor*. Thus, for A.P. to sustain its cause of action, it must demonstrate that it was a creditor of the Goshinskys or the Fund. To determine this, we turn first to the statutory definitions.

"(c) 'Claim' means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

(d) 'Creditor' means a person who has a claim, including a claim for past-due child support.
\*\*\*

(f) 'Debtor' means a person who is liable on a claim." 740 ILCS 160/2(c), (d), (f) (West Supp. 1997).

A.P. argues that the Act defines "claim" expansively and that the Act is designed to protect even contingent and unmatured claims. A.P. further contends that its claim arose at the time of the tax sale and that, absent a proper redemption, the property would have been transferred to A.P.

Although we agree with A.P. that the definition of a

claim is expansive, that does not mean that the definition is all encompassing. While a claim includes rights to payment that are contingent and unmatured, the Act requires the existence of "a right to payment." See 740 ILCS 160/2(c) (West 1996). Thus, to sustain a claim under the Act, the creditor must show that, at some time, it has "a right of payment" that it can seek to recover from the debtor. Stated simply, the Act requires a debtor/creditor relationship. That relationship can be contingent or unmatured, but it must exist. To properly plead a claim under the Act, the creditor must demonstrate that the debtor owes or potentially owes a "payment" to the creditor. Here, A.P. has failed to demonstrate that either the Goshinskys or the Fund did owe or could have owed A.P. anything.

An examination of the Property Tax Code (Code) (35 ILCS 200/1—1 *et seq*. (West 1996)) reveals that A.P.'s failure in this regard is caused by the fact that the Code clearly contemplates that no such relationship between the landowner and the purchaser of delinquent taxes should exist. The Code provides that, if the taxes on a piece of property become delinquent, the county collector may apply for a judgment against and the sale of the delinquent property. See 35 ILCS 200/21—110, 21—115, 21—145, 21—180, 21—260 (West 1996). The property owner may avoid the sale by paying the delinquent taxes. 35 ILCS 200/21—165 (West 1996). If the taxes are not paid before the sale, the county collector may sell the property to the highest bidder. See 35 ILCS 200/21—190, 21—205, 21—260 (West 1996). Following the sale, the highest bidder becomes liable to the county for the amount bid. See 35 ILCS 200/21—240 (West 1996).

Upon judicial confirmation of the sale, the tax lien is extinguished, and the county issues the purchaser a certificate of purchase. See 35 ILCS 200/21—240, 21—260(c) (West 1996). Although the tax lien is extinguished, the

landowner remains personally liable for the taxes, and the county may sue the landowner to collect any taxes that remain owing after the sale. See 35 ILCS 200/21—440 (West 1996). While the purchaser may, after the certificate of purchase is issued, petition for a tax deed, the owner retains the absolute right to redeem the property. See 35 ILCS 200/21—260(f), 21—345 (West 1996). The party redeems by depositing the appropriate amount with the county collector with funds payable to the county clerk. See 35 ILCS 200/21—355 (West 1996). After the redemption, the county's payment to the purchaser of the amount that the purchaser paid releases the purchaser's claim on the property. See 35 ILCS 200/21—390 (West 1996). If no redemption is made, the county collector issues the purchaser a tax deed. See 35 ILCS 200/22—40 (West 1996).

As is seen, the procedure set forth in the Code establishes a debtor/creditor relationship between the purchaser and the county (see, *e.g.*, 35 ILCS 200/21—240, 21—260 (West 1996)) and a debtor/creditor relationship between the county and the landowner (see, *e.g.*, 35 ILCS 200/21—440 (West 1996)). Nowhere, however, does the Code establish such a relationship between the landowner and the purchaser. In fact, the Code goes to great lengths to ensure that no such relationship exists between the landowner and the purchaser. Simply put, no set of facts exists or could exist that would allow A.P. to collect money from either the Goshinskys or the Fund.

Because A.P. was never a creditor of either the Goshinskys or the Fund, we must agree with both the trial and appellate courts that A.P. cannot sustain a cause of action under the Act against the Goshinskys or the Fund.

## PETITION FOR A TAX DEED

A.P. next contends that the trial court erred in dismissing its petition for a tax deed. A.P. asserts that the Fund's redemption was not proper because the Fund

did not file a form for redeeming under protest. The trial court dismissed A.P.'s petition pursuant to section 2—619(a)(9). When we review the granting of such a motion, we accept all well-pleaded facts as true, and we should affirm the trial court's judgment if our *de novo* review reveals that the pleadings and supporting documents, when viewed in the light most favorable to the plaintiff, are insufficient to state a cause of action upon which relief may be granted. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997).

Relying upon *In re Application for Judgment & Sale by the County Treasurer & ex officio County Collector*, 276. Ill. App. 3d 1084 (1995) (*Galmon*), A.P. asserts that all taxpayers seeking to redeem property must comply with the requirements of section 21—380 of the Property Tax Code (35 ILCS 200/21—380 (West 1996)). The appellate court, relying upon *In re Application of the County Treasurer & ex officio County Collector*, 292 Ill. App. 3d 310 (1997) (*Bluegreen*), and *In re Application for Judgment & Sale by the County Treasurer & ex officio County Collector*, 294 Ill. App. 3d 487 (1998), rejected A.P.'s assertion and held that compliance with section 21—380 is necessary only if the taxpayer is redeeming under protest.

Section 21—380 provides, in relevant part:

"Redemption under protest. Any person redeeming under this Section at a time subsequent to the filing of a petition under Section 22—30 or 21—445, who desires to preserve his or her right to defend against the petition for a tax deed, shall accompany the deposit for redemption with a writing substantially in the following form: [form, including an area for an explanation of the protest, provided]." 35 ILCS 200/21—380 (West 1996).

In *Galmon*, the court held that "any person attempting to redeem real estate after a petition for tax deed has been filed" must file a redemption under protest form. *Galmon*, 276 Ill. App. 3d at 1089. The court reached this

decision after noting that section 21—380 applied to any person who wished to preserve his right to defend against the petition for a tax deed. *Galmon*, 276 Ill. App. 3d at 1088. The court concluded that, therefore, the section applied to all who wished to redeem after a petition for tax deed had been filed. *Galmon*, 276 Ill. App. 3d at 1089.

The *Bluegreen* court rejected *Galmon*'s interpretation and held that, "by its plain language, section 21—380 evinces a clear legislative intent that it only apply to those who have opted to redeem under protest." *Bluegreen*, 292 Ill. App. 3d at 315. The court explained that section 21—380 is titled "Redemption under protest" and that the first sentence of the section begins, " '[a]ny person redeeming *under this Section.*' " (Emphasis in original.) *Bluegreen*, 292 Ill. App. 3d at 315, quoting 35 ILCS 200/21—380 (West 1996). The court reasoned that the phrase " '[a]ny person redeeming under this Section' " means " 'any person redeeming under protest.' " *Bluegreen*, 292 Ill. App. 3d at 316. To read the phrase to include people not redeeming under protest would render superfluous the phrase " 'under this Section.' " *Bluegreen*, 292 Ill. App. 3d at 316.

After considering the express terms of section 21—380, we agree with the *Bluegreen* court that section 21—380 applies only to people seeking to redeem under protest. When interpreting a statute, our goal is to ascertain and give effect to the intention of the legislature. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 16 (1996). We determine this intent by reading the statute as a whole and considering all relevant parts. *Advincula*, 176 Ill. 2d at 16-17. We will presume that the legislature did not intend an absurdity. *In re B.C.*, 176 Ill. 2d 536, 543 (1997). Further, we must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous. *Advincula*, 176 Ill. 2d at 26. Here, we agree that the phrase

"[a]ny person redeeming under this Section" means any person redeeming under protest. To construe this phrase as A.P. suggests would render the phrase superfluous.

In its reply brief, A.P. argues that the phrase "[a]ny person redeeming under this Section" actually refers "to any person redeeming under any subsection or portion of Division 7 of Article 21 of the Property Tax Code, i.e., all persons redeeming as authorized by 35 ILCS 200/21—345 and 35 ILCS 200/21—355." That argument is easily rejected, however, as section 1—135 of the Tax Code defines "section" as "A section of this Code unless otherwise stated." (Emphasis added.) 35 ILCS 200/1—135 (West 1996). The use of the singular in the definition and the term "this" in section 21—380 evinces a clear intent by the legislature that the phrase "this Section" refers only to section 21—380.

This conclusion is further strengthened by the remainder of section 21—380. The sample form provided in the statute requires the person filing the form to specify the "grounds relied upon for the objection." If the party is not redeeming under protest, however, no such grounds exist. Here, the Fund had no objection to any of the proceedings that had occurred before it redeemed the property. Instead, it recognized that the delinquent taxes existed and it chose to redeem those taxes. Because a party who is not redeeming under protest has no "grounds for [an] objection," it would be absurd to require such a party to file a form specifying those nonexistent grounds.

Consequently, we hold that the provisions of section 21—380 apply only to a person redeeming under protest after a petition for tax deed has been filed and only when the redeemer desires to preserve the right to defend against the petition for a tax deed. Thus, a person who is not redeeming under protest need not comply with section 21—380.

## CONCLUSION

Because A.P.'s complaint failed to establish a cause of action under the Uniform Fraudulent Transfer Act and because the Fund has properly redeemed the delinquent taxes, we must affirm the appellate court's judgment affirming the dismissal of A.P.'s complaints.

*Affirmed.*