TRAVENOL LABORATORIES, INC., Plaintiff-Appellee, v. J. THOMAS JOHNSON, Director, Illinois Department of Revenue, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—89—0688

Opinion filed March 9, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellants.

Thomas H. Donohoe, of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendants, J. Thomas Johnson, Director of the Illinois Department of Revenue (Department), and James H. Donnewald, Treasurer of the State of Illinois, appeal from an order of the Circuit Court of Cook County granting summary judgment to plaintiff, Travenol Laboratories, Inc. (Travenol). This is the second time this case is before the court. In a Supreme Court Rule 23 order (107 Ill. 2d R. 23) issued June 24, 1988, we dismissed defendants' first appeal, finding that the order appealed from was not a final order (*Travenol Laboratories, Inc. v. Johnson*, 170 Ill. App. 3d 1160). In the instant appeal, defendants argue that the trial court erred in determining that a regulation promulgated by the Department, taxing the sale of medical appliances sold to health care professionals, was invalid and that the award of attorney fees and costs to Travenol was not reasonable. For the reasons set forth below, we affirm.

Briefly, the undisputed facts are as follows. Plaintiff Travenol is a manufacturer of health care products, including a CF Capillary Flow Dialyzer (Dialyzer), which is a component of a kidney hemodialysis machine. In January 1986, plaintiff sold Dialyzers to a health care professional, which uses the device in providing medical care to its patients. The health care professional does not resell or transfer the Dialyzer to its patients. The gross receipts from these sales totaled $46,434.

Pursuant to a regulation promulgated by the defendant Department of Revenue, the Department determined that Travenol's sales of

Dialyzers to the health care professional did not qualify for a "medical appliance exemption" under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 441). Accordingly, the Department assessed a retailers' occupation tax of $2,273 against Travenol.

Travenol paid the tax under protest and filed a complaint requesting that defendants be enjoined from transferring the funds paid under protest, that the regulation be declared void, and that it be awarded attorney fees pursuant to section 14.1(b) of the Administrative Procedure Act (Ill. Rev. Stat. 1987, ch. 127, par. 1014.1(b)). Both parties subsequently filed motions for summary judgment. On November 23, 1987, the trial court denied defendants' motion and granted summary judgment to Travenol, declared the regulation in question to be invalid and unauthorized by statute, and ordered the return of the monies paid by Travenol under protest. The court also granted Travenol leave to file its petition for attorney fees, as provided by statute. (Ill. Rev. Stat. 1985, ch. 127, par. 1014.1(b).) Thereafter, defendants appealed to this court, and we dismissed the appeal, finding that the order appealed from was not final because the trial court had not disposed of Travenol's petition for attorney fees. On remand, the trial court awarded Travenol $22,351 in attorney fees and costs, and this second appeal followed.

■ Section 2 of the Retailers' Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1985, ch. 120, par. 441), which imposes a 5% tax upon tangible personal property sold at retail, contains the following exemption provision:

> "However, with respect to *food for human consumption* which is to be consumed on the premises where it is sold (other than alcoholic beverages, soft drinks and food which has been prepared for immediate consumption) *and* prescription and non-prescription medicines, drugs, *medical appliances* and insulin, urine testing materials, syringes, and needles used by diabetics, *for human use,* such tax shall be imposed at the rate of 0%." (Emphasis added.)

Section 12 of the Act authorizes the Department of Revenue to promulgate and enforce rules and regulations relating to the administration and enforcement of the ROTA. (Ill. Rev. Stat. 1985, ch. 120, par. 451.) Pursuant to its authority under the ROTA, the Department promulgated the following regulations in section 130.310(c):

> "(2) A medical appliance is an item which is *intended by the maker* to correct any functioning part of the body or *which is used as a substitute* for functioning part of the body, such as artificial limbs, crutches, wheelchairs, *** and bandaids. ***

(3) Medical appliances used by health care professionals in providing medical services do not qualify for the reduced rate of tax." (Emphasis added.) (86 Ill. Adm. Code §130.310(c)(2), (c)(3) (1985).)

The Department subsequently amended regulation (c), and it now provides:

"Medical appliances used by health care professionals and not transferred to their patients in providing medical services do not qualify for the reduced rate of tax." 86 Ill. Adm. Code §130.310(c)(3) (Supp. 1988).

Defendants concede that Travenol's product is a medical appliance. The main issue before us is thus whether the Department's regulation is valid. Defendants argue it is valid because, like the pertinent ROTA provision, it merely limits the tax exemption to medical appliances used "for human use." Defendants further contend that the appliance is not sold for use by humans but rather that it is sold for a business use, *i.e.*, use by health care professionals.

On the other hand, Travenol argues that the ROTA exemption provision does not distinguish between business and nonbusiness use; the provision only limits exemption on the sale of medical appliances "for human use." Accordingly, Travenol asserts that the Department's regulation is nothing less than an improper rewriting of the ROTA exemption provision to include an additional qualification limiting application of the tax exemption where the product is sold to health care professionals.

It is well settled that construction of a statute is a question of law. (*Oberman v. Byrne* (1983), 112 Ill. App. 3d 155.) The primary rule of statutory construction is to ascertain and effectuate legislative intent by looking first to the statutory language itself. If the language is clear, a court must give it effect and should not look to extrinsic aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266.) We further observe that statutes are to be strictly construed in favor of a taxing body and against exemptions. (*Board of Education of School District No. 150 v. City of Peoria* (1979), 76 Ill. 2d 469.) Where a statute is ambiguous, courts should give substantial weight and deference to a reasonable construction of the statute by the agency charged with its enforcement (*People ex rel. Watson v. House of Vision* (1974), 59 Ill. 2d 508); interpretations of statutes by an administrative agency are sources of legislative intent, although they are not binding on the courts (*Geary v. Dominick's Finer Foods, Inc.* (1989), 129 Ill. 2d 389).

In the present case, we find that the ROTA provision at issue

is clear and unambiguous and we need not, as defendants argue, resort to extrinsic aids to determine the legislature's intent. The legislature plainly provided that "medical appliances *** for human use" shall be taxed at the rate of 0%. Travenol's product is used for human ailments. Contrary to defendants' argument, the fact that the product is sold to health care professionals, instead of directly to humans, simply does not change either the nature of the product ( a medical appliance), or its use (for human use). Accordingly, the product specifically is a product exempted from taxation under the pertinent ROTA provision.

◼◼ Were we to hold as defendants urge, we would be impermissibly rewriting into the subject statute words/provisions, as did the Department pursuant to its regulation, that are not within the plain intention of the legislature. (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1987), 163 Ill. App. 3d 253, *aff'd* (1989), 126 Ill. 2d 326.) The statute at issue provides that medical appliances "for human use" are exempt from the usual 5% tax; it does not provide that medical appliances "used by health care professionals" do not qualify for the reduced rate of tax. Clearly, had the legislature intended to so provide, it could have but did not do so as it did relative to food sold for human consumption which is exempted, unless it is to be consumed off the premises where it is sold. (Ill. Rev. Stat. 1987, ch. 120, par. 441.) The legislature simply did not limit the exemption with respect to medical appliances by language distinguishing between medical appliances sold for business or nonbusiness uses or direct or indirect use by humans. In further support of our determination, we also observe that the Department apparently recognizes the intent of the legislature as indicated by its own regulation which provides that a "[m]edical appliance is an item which is *intended by the maker* to correct any functioning part of the body *which is used* as a substitute for any functional part of the body," which we interpret as focusing on the ultimate beneficiary of the product.

In light of the foregoing, we hold that the trial court properly ruled that the Department's regulation was invalid.

◼◼ Defendants' final "argument" is that the trial court's award of attorney fees and costs in the amount of $22,351 to Travenol "was not reasonable." In actuality, defendants only challenge the propriety of the award of $428 for expenses in using Westlaw, a computerized legal research service, and $375 for copying documents.

The allowance of attorney fees rests within the trial court's discretion, and a reviewing court will not disturb that court's determination absent a clear showing of abuse of discretion. (*Head v. Head* ·

(1988), 168 Ill. App. 3d 697.) Defendants have not made a clear showing that the trial court abused its discretion, and we see no reason to disturb its decision.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

COCCIA, P.J., and GORDON, J., concur.