MEDCAT LEASING COMPANY, Plaintiff-Appellee, v. DOUGLAS L. WHITLEY, Director of the Department of Revenue, *et al.*, Defendants-Appellants.

Fourth District No. 4—93—0461

Argued November 9, 1993.—Opinion filed December 9, 1993.— Rehearing denied January 19, 1994.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General (argued), of Chicago, of counsel), for appellants.

Paul E. Adami (argued), of Mohan, Alewelt, Prillaman & Adami, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

This is an appeal by defendants Douglas L. Whitley, Director of the Illinois Department of Revenue, the Illinois Department of Revenue (hereafter Department), collectively, and Patrick Quinn, State Treasurer, from an order of the circuit court of Sangamon County. The order granted the motion for summary judgment filed by plaintiff Medcat Leasing Company, a limited partnership, finding a computed tomography scanner was not subject to Illinois use tax because it was a medical appliance under section 3 of the Use Tax Act (Act) (Ill. Rev. Stat. 1985, ch. 120, par. 439.3) and declared the Department's regulation thereunder was invalid. The court also awarded plaintiff its litigation expenses pursuant to section 10—55(c) of the Administrative Procedure Act (Ill. Rev. Stat. 1991, ch. 127, par. 1010—55(c)).

The trial court made the following findings: (1) the Department's regulation implementing section 3 of the Act is invalid, to the extent it distinguishes between appliances correcting any functioning part of the body and those assisting in the treatment and diagnosis of medical conditions, which distinction the legislature did not make by its use of the term "medical appliance"; and (2) the Department apparently recognized the legislature's intent to include testing equipment when it provided the term "medical appliance" also includes testing equipment used by an individual to test one's own medical condition, which patient-use limitation was stricken down in *Travenol Laboratories, Inc. v. Johnson* (1990), 195 Ill. App. 3d 532, 553 N.E.2d 14.

Section 3 of the Act does not define the term "medical appliances." The pertinent portions of that section follow:

"A tax is imposed upon the privilege of using in this State tangible personal property ***. *** However, with respect to food for human consumption which is to be consumed off the premises where it is sold (other than alcoholic beverages, soft drinks and food which has been prepared for immediate con-

sumption) and prescription and nonprescription medicines, drugs, medical appliances and insulin, urine testing materials, syringes, and needles used by diabetics, for human use, such tax shall be imposed at the rate of 0%." Ill. Rev. Stat. 1985, ch. 120, par. 439.3.

The Department's regulation defining "medical appliance" relevant to this appeal at the time was:

"A medical appliance is an item which is intended by the maker to correct any functioning part of the body or which is used as a substitute for any functioning part of the body, such as artificial limbs, crutches, wheelchairs, stretchers, hearing aids, corrective eyeglasses, dental prostheses, and sterile cotton, bandages and bandaids. The term 'medical appliance' also includes testing equipment used by an individual to test his or her own medical condition." 86 Ill. Adm. Code §130.310(c)(2) (1985).

Administrative regulations have the force and effect of law and must be construed under the standards governing the construction of statutes. (*Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 391, 556 N.E.2d 236, 239; *Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 58, 387 N.E.2d 320, 323.) Like statutes, administrative regulations enjoy a presumption of validity. (*People ex rel. Colletti v. Pate* (1964), 31 Ill. 2d 354, 359, 201 N.E.2d 390, 393.) The courts will give substantial weight and deference to a reasonable construction of an ambiguous statute by the governmental department charged with its enforcement. Interpretations of statutes by administrative agencies are sources for ascertaining legislative intent, but such interpretations are not binding upon the courts. *Geary v. Dominick's Finer Foods, Inc.* (1989), 129 Ill. 2d 389, 414, 544 N.E.2d 344, 356.

Statutes are to be construed strictly in favor of the taxing body and against exemption. (*Board of Education of School District No. 150 v. City of Peoria* (1979), 76 Ill. 2d 469, 473, 394 N.E.2d 399, 401; *Travenol*, 195 Ill. App. 3d at 535, 553 N.E.2d at 16.) The party claiming an exemption has the burden of clearly proving he or she comes within the statutory exemption. Any doubts concerning the applicability of exemptions will be resolved in favor of taxation. *In re Mi-Jack Products, Inc.* (1985), 136 Ill. App. 3d 721, 724, 483 N.E.2d 920, 922.

The Department claims that medical appliances are exempt from use tax. Plaintiff claims that it is not an exemption; rather, such appliances are merely subject to a different tax rate, *i.e.*, 0%. Plaintiff then argues that because this is not an exemption, the exemption

cases cited above do not apply. We do not agree. Whatever it is called, the result is an exception that allows for the avoidance of an otherwise existing tax. Our position is consistent with the opinion in *Travenol*, where the court repeatedly referred to the tax benefit as an exemption.

We find the term "medical appliance" is ambiguous as set forth in section 3 of the Act. The issue is whether the regulation by the Department provides a reasonable interpretation. Realizing the regulation enjoys a presumption of validity, we find the interpretation reasonable. The term is among a group of other items focusing on consumer use, such as food from a grocery store for home consumption and medicines, drugs, insulin, urine-testing materials, syringes, and needles used by diabetics. The definition of medical appliances in its regulation parallels the nature of items listed in section 3 of the Act.

*Travenol* is not of assistance to us because that case centered on the question of whether the exemption was conditioned on the "medical appliance" being sold directly to the patient. (*Travenol*, 195 Ill. App. 3d at 536, 553 N.E.2d at 16.) The litigants in *Travenol* had agreed that the components for a hemodialysis machine were "medical appliance[s]." (*Travenol*, 195 Ill. App. 3d at 535, 553 N.E.2d at 16.) The component was held to be a "medical appliance," subject to the tax exemption, because it was for human use and consistent with use as set forth in the statute.

Here, we are dealing with testing equipment rather than substances or appliances used for human use, as was the case in *Travenol*. Of course, testing equipment, as well as a multitude of other equipment and furnishings in hospitals, medical clinics, dentist offices, and nursing homes, is used for patient health care. However, these items are not necessarily used by a patient for human use, as was the case in *Travenol*, or consumption. The regulation by the Department is reasonable. The decision to free all equipment used in medical testing is a legislative responsibility. The existing exemption is to be construed strictly in favor of the taxing body. Under the existing facts, the regulation of the Department must be upheld.

Reversal of the trial court's order invalidating the Department's regulation mandates reversal of the order awarding plaintiff its litigation expenses as well.

Reversed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.