CITY SUBURBAN ELECTRIC MOTORS, INC., Plaintiff-Appellant, v. RAYMOND T. WAGNER, JR., as Director of the Department of Revenue, *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—94—3209

Opinion filed March 20, 1996.

Thomas H. Donohoe, of Chicago, for appellant.

Daniel N. Malato, of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, City Suburban Electric Motors, Inc., appeals from orders of the circuit court of Cook County granting summary judgment in favor of defendants, Raymond T. Wagner, Jr., as Director of the Illinois Department of Revenue, Patrick Quinn, as Treasurer of the State of Illinois, and the Illinois Department of Revenue (collectively hereinafter the State), in this action brought under the State Officers and Employees Money Disposition Act (Ill. Rev. Stat. 1989, ch. 127, par. 170 *et seq.*). Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we reverse and remand.

## FACTUAL BACKGROUND

Plaintiff is engaged in the business of selling and repairing electric motors. Plaintiff's customers were manufacturing companies which hired it to repair electric motors for machines used in their manufacturing processes. Plaintiff supplied the labor for repair as well as the necessary repair parts. Plaintiff used stock repair parts obtained from electrical supply houses. These repair parts were generally identical to the old parts being replaced.

As a repair service, plaintiff's business was subject to the service occupation tax (hereinafter SOT) (see Ill. Rev. Stat. 1989, ch. 120, par. 439.101 *et seq.*) and is registered with the Illinois Department of Revenue (hereinafter the Department) under the Retailers' Occupation Tax Act (see Ill. Rev. Stat. 1989, ch. 120, par. 440 *et seq.*). Plaintiff did not charge its customers the SOT on the sale of stock parts used in the course of its repair work where the client claimed that it was exempt from these taxes based on the manufacturing machinery and equipment exemption contained in the SOT.

On June 30, 1989, the Department, after conducting an audit, is-

sued a notice of tax liability finding that plaintiff failed to pay $17,912.11 in taxes, penalties and interest for the period between July 1985 through August 1988. Of this amount, $11,839 represented the SOT on standard or stock machinery parts sold in the course of plaintiff's repair business and on which plaintiff did not pay the tax. On July 19, 1989, plaintiff paid, under protest, the amount of the tax, interest and penalties.

On July 20, 1989, plaintiff initiated this action by filing a four-count complaint in the circuit court seeking declaratory and injunctive relief against the State. In its complaint, plaintiff contended that the Department miscalculated the amount of tax owed, based upon a misinterpretation of the relevant statutory provisions and that such interpretation places the legislation in conflict with the Illinois Constitution's uniformity clause (Ill. Const. 1970, art. IX, § 2). On January 18, 1994, plaintiff added a fifth count to its complaint alleging that a subsequent amendment to the Department's regulations was contrary to the statutory provisions and, therefore, invalid. See 86 Ill. Adm. Code § 140.125(o) (1991).

Plaintiff filed a motion for summary judgment, and the State filed a cross-motion for summary judgment. On June 23, 1994, the circuit court denied plaintiff's motion and granted the State's cross-motion. After the filing of a post-judgment motion for rehearing, which was denied, the instant appeal followed.

## ISSUE PRESENTED FOR REVIEW

On appeal, plaintiff argues that the trial court erred in holding that it was not entitled to an exemption from the SOT for stock parts sold incident to the sale of service for manufacturing machinery and equipment.

## OPINION

Initially, we note that as the relevant facts are undisputed, the issue of whether the stock parts are exempt from the SOT is purely a question of law and, thus, subject to *de novo* review by this court. *Benedictine Sisters of the Sacred Heart v. Department of Revenue*, 155 Ill. App. 3d 325 (1987); see also T. O'Neill & S. Brody, *Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341*, 83 Ill. B.J. 512 (1995). That said, we now turn to the issue at hand.

■ The Service Occupation Tax Act (hereinafter the Act) imposes a tax on persons engaged in the business of making sales of service. Ill. Rev. Stat. 1989, ch. 120, par. 439.101 *et seq.* The SOT is also levied against the sale of tangible personal property incident to the making of sales of service. Ill. Rev. Stat. 1989, ch. 120, par. 439.103. However, section 2 of the Act exempted from taxation the "sale or transfer of

machinery and equipment used primarily in the process of the manufacturing." Ill. Rev. Stat. 1989, ch. 120, par. 439.102. During the audit or time period at issue here, for the purposes of this exemption, the term "equipment" included "any parts which require periodic replacement in the course of normal operation." Ill. Rev. Stat. 1989, ch. 120, par. 439.102. In 1992, the General Assembly amended the Act to specifically include standard or stock replacement parts in the machinery and equipment exemption. See 35 ILCS 115/2 (West 1992).

■ "In interpreting a disputed provision a court should first consider the statutory language itself as the best indication of the intent of the drafters. [Citation.] Terms that are unambiguous, when not specifically defined, must be given their plain and ordinary meaning." *People ex rel. Village of McCook v. Indiana Harbor Belt R.R. Co.*, 256 Ill. App. 3d 27, 29 (1993); see also *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990). "If possible, every word, clause or sentence of a statute must be applied in a way that no word, clause or sentence is rendered superfluous." *People v. Gawlak*, 276 Ill. App. 3d 286, 291 (1995). "It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Certain Taxpayers v. Sheahan*, 45 Ill. 2d 75, 84 (1970). "Moreover, legislative intent must be garnered from a review of the entire statutory plan." *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109 (1995). In addition, in interpreting tax laws, "[s]tatutes are to be construed strictly in favor of the taxing body and against exemption." *Medcat Leasing Co. v. Whitley*, 253 Ill. App. 3d 801, 803 (1993).

■ In the case *sub judice*, the State argues, by way of creative legal sophistry, that during the audit period the exemption contained in the SOT only applied to special order parts and not stock parts. We could not disagree more and find that plaintiff was entitled to an exemption.

While this case involves tax law, which as millions of Americans can attest, is not an area known for its clarity or simplicity, we believe section 2 of the Act to be fairly straightforward. The plain language of the Act includes in its definition of exempt equipment "*any* parts which require periodic replacement in the course of normal operation." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 120, par. 439.102. The General Assembly's use of the word "any" clearly evinces an intent to include all replacement parts without restriction or exception. Moreover, the statute when read as a whole gives clear import to an intended exemption for parts used in the repair and replacement of exempt machinery.

In addition, our review of the extensive legislative history indicates that when the General Assembly enacted the version of section 2 that was in effect during the audit period it fully intended to exempt all replacement parts and not merely special order parts. The State points to the fact that section 2 was amended in 1992 to remove language referring to "special order" machinery as evidence of the fact that the version of the Act at issue in this case intended to tax parts other than specially ordered ones. See 35 ILCS 115/2 (West 1992). We do not believe this is so. Rather, it was the General Assembly's desire to "clean up" the Act and remove the possibility of misconstruction such as we have here. See Ill. Gen. Assem., Senate Proceedings, June 22, 1992, at 110 (statements of Senator Topinka). Accordingly, we find the circuit court erred in granting summary judgment in favor of the State.

In light of the foregoing, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views contained herein.

Judgment reversed and remanded.

RIZZI, P.J., and GREIMAN, J., concur.