690 N.E.2d 148 (1998)
294 Ill. App.3d 487
228 Ill.Dec. 839
In re APPLICATION FOR JUDGMENT AND SALE BY THE COUNTY TREASURER and ex officio County Collector of La Salle County, Illinois In Conformity with the Revenue Act of 1939, as Amended (Evelyn Muffler, Petitioner-Appellee, v. Ronald Evenson, Trustee under a Trust Agreement dated January 16, 1992 and known as the Ronald N. Evenson and Jeannine K. Evenson Trust, Respondent-Appellant).
No. 3-97-0257.
Appellate Court of Illinois, Third District.
January 23, 1998.
*149 Stephen C. Myers (argued), Myers, Daugherity, Berry, O'Conor & Kuzma, Ltd., Streator, for Ronald N. Evenson.
Raymond P. Fabricius (argued), Pool, Leigh & Fabricius, Ottawa, for Evelyn Muffler.
Justice HOMER delivered the opinion of the court:
Respondent, Ronald Evenson, appeals from the trial court's denial of a motion to vacate an order which directed the county clerk to issue a tax deed for real property. Evenson is the trustee of a land trust in which the real property was held. On appeal, we must decide whether section 21-380 of the Property Tax Code (the Code) (35 ILCS 200/21-380 (West 1996)) requires that a redemption under protest be made if the redemption occurs after a petition for a tax deed has been filed. Evenson argues that the trial court erred when it ruled that an attempted redemption failed because the redemption was not made under protest. For the following reasons, we reverse the judgment of the trial court.

FACTS
Explosives Technologies International, Inc., (ETI), was the original owner of the subject real property located in La Salle County. After ETI moved its principle office in 1993, ETI's tax manager mailed a change of address to the La Salle County collector. ETI paid the 1992 taxes. However, the 1993 real estate tax bill was sent to ETI's former address and ETI did not receive or pay the 1993 taxes.
After the county collector obtained judgment and order of sale, Evelyn Muffler purchased the property at a tax sale held on November 21, 1994. Subsequently, Muffler paid the 1994 taxes when they became delinquent. On November 22,1995, ETI sold the real estate to Ronald Evenson under a trust agreement. Evenson paid the 1995 taxes as they became due.
On August 5, 1996, Muffler filed with the circuit court a petition for tax deed. A notice in the form prescribed by section 22-10 of the Code (35 ILCS 200/22-10 (West 1996)) was received by Evenson on or about August 7, 1996. The notice provided, inter alia:
"This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on November 21, 1996.
* * *
Check with the county clerk as to the exact amount you owe before redeeming.
* * *
This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before November 21, 1996.
* * *
You may be present at the [scheduled hearing] but your right to redeem will already have expired at that time.
* * *
Redemption can be made at any time on or before November 21, 1996, by applying to the County Clerk of LaSalle, Illinois, at the County Courthouse in Ottawa, Illinois. For further information, contact the County Clerk."
Evenson informed ETI of the notice. On August 12, 1996, ETI'S tax manager contacted the La Salle County clerk and was advised that the sum of $3,085.81 was required to redeem the real estate. This amount included 1993 and 1994 taxes. The manager wired the money to the clerk and was advised *150 by a deputy clerk that nothing more was necessary. On August 13, 1996, the clerk issued a redemption certificate to Evenson. In September, 1996, Evenson contacted the clerk's office to inquire into the status of the redemption and was informed that all taxes were paid and he had nothing to be concerned about.
On December 13, 1996, the petition for tax deed was heard. Evenson did not appear and did not file a written protest. The court granted the petition. On December 18, 1996, the county clerk executed and delivered a tax deed conveying the real estate to Muffler. The clerk later refunded the redemption funds to Evenson.
On January 9, 1997, Evenson filed a motion to vacate the court order directing the issuance of a tax deed. The motion was denied and Evenson appeals.

ANALYSIS
In denying Evenson's motion to vacate, the trial judge stated:
"That's what you are supposed to be able to do, redeem in the first two years. That's what they did here. But now the [petitioner's] argument is based on this fifth district case[.] [The respondent] is cut off because a petition for tax deed had been filed, so, therefore, they (sic) had to redeem under protest. If I were sitting on the [appellate court] I might have a different position reviewing this, but I don't think I can ignore this case. * * * I'm bound by this case."
In re Application by St. Clair County Treasurer, Howell v. Galmon, 276 Ill.App.3d 1084, 213 Ill.Dec. 541, 659 N.E.2d 457 (5th Dist.1995), was the only reported appellate court opinion on point at the time the trial court rendered its ruling in the instant case. Galmon held that redemptions after the filing of a petition for tax deed must be made under protest as provided by section 205/253(f) of the Code (35 ILCS 205/253(f) (West 1992)), the substantially identical predecessor statute to section 21-380 (35 ILCS 200/21-380 (West 1996)). Section 21-380 provides, inter alia:
"Redemption under protest. Any person redeeming under this Section at a time subsequent to the filing of a [petition for a tax deed], who desires to preserve his or her right to defend against the petition for a tax deed, shall accompany the deposit for redemption with a writing substantially in the following form: [form omitted]* * *." 35 ILCS 200/21-380 (West 1996).
The primary rule in statutory construction requires courts to give effect to the intent of the legislature. Boaden v. Department of Law Enforcement, 171 Ill.2d 230, 215 Ill. Dec. 664, 664 N.E.2d 61 (1996). The best indication of the intent of the legislature is the language of the subject statute. Brock v. Anderson Road Ass'n, 287 Ill.App.3d 16, 222 Ill.Dec. 451, 677 N.E.2d 985 (1997). Therefore, courts must give the clear and unambiguous terms in a statute their plain and ordinary meaning. County of Du Page v. Graham, Anderson, Probst, & White, Inc., 109 Ill.2d 143, 92 Ill.Dec. 833, 485 N.E.2d 1076 (1985). Legislative intent must be garnered from a review of the entire statutory plan. City Suburban Electric Motors, Inc. v. Wagner, 278 Ill.App.3d 564, 215 Ill.Dec. 327, 663 N.E.2d 77 (1996). Where the language is clear, a court must confine its inquiry to a consideration of the language and must not look to extrinsic aids. In re Marriage of May, 286 Ill.App.3d 1060, 222 Ill. Dec. 664, 678 N.E.2d 71 (1997). Review of questions of statutory construction are undertaken de novo. Wright v. Chicago Municipal Employees Credit Union, 265 Ill. App.3d 1110, 203 Ill.Dec. 164, 639 N.E.2d 203 (1994). One district of the Illinois Appellate Court is not required to follow decisions of the other districts, although there may be compelling reasons to do so when dealing with similar facts and circumstances. In re Will County Grand Jury, 152 Ill.2d 381, 178 Ill.Dec. 406, 604 N.E.2d 929 (1992).
While the instant case was on appeal, the second district decided In re Application of the County Treasurer, Bluegreen Corporation v. C and W Investment, Inc., 292 Ill. App.3d 310, 226 Ill.Dec. 401, 685 N.E.2d 656 (1997). Bluegreen rejected Galmon and ruled in favor of the property owner under *151 facts substantially similar to those in the case at bar. We agree with the rationale in Bluegreen and decline to follow Galmon. Our examination of the relevant statutes supports this view as does our consideration of the arguments in the instant case.
In Bluegreen, the second district examined the plain language of section 21-380 and concluded it evinces a clear legislative intent that the section only apply to those who have opted to redeem under protest after a petition for tax deed has been filed and who desire to preserve their right to defend against the petition. Bluegreen, 292 Ill. App.3d at 315, 226 Ill.Dec. at 404, 685 N.E.2d at 659. The second district correctly recognized that the right to redemption is independent of the right to defend against a tax deed.
Sections 21-345 (right of redemption), and 21-350 (period of redemption), make no distinction between redemptions made prior or subsequent to the filing of a petition for tax deed. See 35 ILCS 200/21-345, 350 (West 1996). Furthermore, the notice prescribed by section 22-10 (notice of expiration of period of redemption) does not refer to the provisions of section 21-380 or specify that a redemption under protest is required. See 35 ILCS 200/22-10 (West 1996).
Section 22-30 of the Code allows for petitions for tax deeds to be filed at any time within five months but not less than three months prior to the expiration of the applicable redemption period. 35 ILCS 200/22-30 (West 1996). Section 21-350 prescribes a two-year limitation for redemptions from the date of sale. In this case, the redemption period expired November 21, 1996. Redemption was made on August 12, 1996.
Adherence to Galmon would require us to hold that the redemption under protest procedure should be followed even in cases in which a property owner does not assert a defense but merely wishes to pay the taxes and redeem his property. Such interpretation is flawed and would lead to unjust results. A section 21-380 hearing is unnecessary in such instances because a defense does not exist. Muffler's argument that redemption is a defense which should be identified on the redemption under protest form is without merit. Redemption is not a defense but a right given to the property owner.
We hold that a person may redeem, without redeeming under protest, any time prior to the expiration of the statutory period of redemption regardless of whether or not there is a pending petition for tax deed. The redemption under protest provisions contained in section 21-380 apply only to persons wishing to defend against the petition. We conclude that the trial court's order directing the clerk to issue a tax deed to Muffler is invalid and must be vacated.
Because of our holding we need not address Evenson's contentions that the trial court should have allowed him to complete the redemption under protest form, and that the notice provided by Muffler was defective because it failed to accurately describe the property.

CONCLUSION
For the foregoing reasons, we reverse the orders of the circuit court of La Salle County directing that a tax deed be issued to the petitioner and denying the respondent's motion to vacate and remand this cause for further proceedings consistent with this opinion.
Reversed and remanded.
HOLDRIDGE and SLATER, JJ., concur.