NORTH SHORE MRI CENTRE, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.—SKOKIE VALLEY COMPUTED TOMOGRAPHY CENTER, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

First District (4th Division)    Nos. 1—98—2736, 1—98—2737 cons.

Opinion filed December 16, 1999.

Thomas H. Donohoe and Melissa A. Connell, both of McDermott, Will & Emery, of Chicago, for appellants.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Edmund C. Baird, Assistant Attorney General, of counsel), for appellees.

JUSTICE HOURIHANE delivered the opinion of the court:

In these consolidated administrative appeals, we consider whether a magnetic resonance imaging system (MRI) and a computed tomography machine (CT scanner) qualify for the tax exemption afforded to "medical appliances" under section 3 of the Illinois Use Tax Act (Act) (Ill. Rev. Stat. 1985, ch. 120, par. 439.1 *et seq.*) Because we find that they do not qualify for exemption, we affirm the judgments of the circuit court which affirmed two decisions of the Department of Revenue (Department).

## BACKGROUND

The underlying facts are not in dispute. Plaintiffs Skokie Valley Computed Tomography (Skokie Valley) and North Shore MRI Centre (North Shore) purchased a CT scanner and MRI, respectively. Plaintiffs each paid a use tax[1], for which they later sought a credit from the Department. Each claimed that the subject equipment fell within the statutory tax exemption afforded to "medical appliances." See Ill. Rev. Stat. 1985, ch. 120, par. 439.3. The Department denied their claims for credit, and plaintiffs filed timely protests.

At separate administrative hearings, Dr. Leonard Berlin, plaintiffs'

---

[1]The Illinois use tax is a tax "imposed upon the privilege of using in this State tangible personal property." Ill. Rev. Stat. 1985, ch. 120, par. 439.3.

general partner, testified that a CT scanner and MRI are diagnostic tools. A representative of the company that manufactured the equipment testified consistently.

In both cases, the Department adopted the recommended decision of the administrative law judge (ALJ), denying plaintiffs' claims for credit. The plaintiffs appealed to the circuit court, which found in favor of the Department. Plaintiffs timely appealed to this court.

## ANALYSIS

■ At the time plaintiffs purchased the MRI and CT scanner, the Act provided a reduced rate of tax for certain goods, including "medical appliances." The Act read in relevant part:

"[W]ith respect to food for human consumption which is to be consumed off the premises where it is sold (other than alcoholic beverages, soft drinks and food which has been prepared for immediate consumption) and prescription and nonprescription medicines, drugs, medical appliances and insulin, urine testing materials, syringes, and needles used by diabetics, for human use, such tax shall be imposed at the rate of 0%." Ill. Rev. Stat. 1985, ch. 120, par. 439.3.

The zero-percent tax rate created, in effect, a tax "exemption." *Medcat Leasing Co. v. Whitley*, 253 Ill. App. 3d 801, 803-04, 625 N.E.2d 424 (1993) (*Medcat*).

Significantly, the Act did not (nor does it now) define the term "medical appliance." However, pursuant to the rules and regulations duly adopted by the Department and in force at the time of plaintiffs' purchases, "medical appliance" was explained as follows:

"2) A medical appliance is an item which is intended by the maker to correct any functioning part of the body or which is used as a substitute for any functioning part of the body, such as artificial limbs, crutches, wheelchairs, stretchers, hearing aids, corrective eyeglasses, dental prostheses, and sterile cotton, bandages and band-aids. The term 'medical appliance' also includes testing equipment used by an individual to test his or her own medical condition.

3) Medical appliances used by health care professionals and not transferred to their patients in providing medical services do not qualify for the reduced rate of tax." 86 Ill. Adm. Code § 130.310(c) (1985).

The Department's exclusion of medical appliances used by health care professionals was subsequently rejected by this court in *Travenol Laboratories, Inc. v. Johnson*, 195 Ill. App. 3d 532, 553 N.E.2d 14 (1990). There, the first district considered whether the sale by plaintiff of a component of a kidney hemodialysis machine to a health care

professional was exempt as a "medical appliance" under the Retailers' Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1985, ch. 120, par. 441).[2] The Department conceded that the component was a medical appliance. Thus, the only issue before the court was the validity of the Department's 1985 regulation disqualifying medical appliances used by health care professionals from the reduced rate of tax.

The trial court invalidated the regulation and this court affirmed. We found that the legislature plainly provided that all "medical appliances *** for human use" qualify for the exemption. That the sale is made to a health care professional does not change the nature of the product as a medical appliance or its use for humans. *Travenol*, 195 Ill. App. 3d at 535-36.

A few years later, the fourth district, in the *Medcat* case, held that a CT scanner was not a medical appliance subject to the tax exemption. There, the trial court found the Department's 1985 regulation defining "medical appliance" invalid to the extent it distinguished between appliances correcting any functioning part of the body and those assisting in the treatment and diagnosis of medical conditions, as this was a distinction not made by the legislature. It also found that the Department recognized the legislature's intent to include testing equipment used by an individual to test one's own medical condition, but that the Department's "patient-use" limitation had been stricken in *Travenol*. Thus, the trial court allowed the exemption for the CT scanner.

On appeal, the fourth district reversed. It found the term "medical appliance" ambiguous and the Department's interpretation thereof reasonable. It explained that the term "medical appliance," as it appears in the Act, "is among a group of other items focusing on consumer use" and that the definition promulgated by the Department parallels the nature of those items. *Medcat*, 253 Ill. App. 3d at 804. The court further noted that "[t]he decision to free all equipment used in medical testing is a legislative responsibility." *Medcat*, 253 Ill. App. 3d at 804. Thus, under *Medcat*, unless the testing equipment is "used by an individual to test his or her own medical condition," as set forth in the Department's 1985 regulation, it does not qualify for exemption.

Effective January 13, 1992, the Department amended its regulations by expressly providing that "[d]iagnostic equipment" and

---

[2]The medical-appliance exemption in ROTA (Ill. Rev. Stat. 1985, ch. 120, par. 441) is identical to that found in the Act. ROTA complements the Act. *Union Electric Co. v. Department of Revenue*, 136 Ill. 2d 385, 391, 556 N.E.2d 236 (1990).

"[o]ther medical tools, devices and equipment such as x-ray machines, laboratory equipment, and surgical instruments *** which do not directly substitute for a malfunctioning part of the human body do not qualify as exempt medical appliances." 86 Ill. Adm. Code § 130.310(c)(2) (1992).

Both the ALJ and the trial court found that the MRI and CT scanner did not fall within the narrow range of testing equipment set forth in the Act, *i.e.*, "urine testing materials, syringes, and needles used by diabetics." Ill. Rev. Stat. 1985, ch. 120, par. 439.3. The circuit court also explicitly found that the Department's 1986 regulation impermissibly extended the language of the Act to include testing equipment other than that used by diabetics.[3]

On appeal, plaintiffs argue that the Department's early private letter rulings and regulations evidence a policy by the Department to include testing and diagnostic equipment within the medical-appliance exemption, and that the Department's later attempt to deny the exemption to health care providers was struck down in *Travenol*. Thus, plaintiffs contend that until 1992, when the Department amended its regulations to exclude diagnostic equipment from the medical-appliance exemption, MRIs and CT scanners would qualify for exemption.

■ We agree with plaintiffs that under certain of the Department's private letter rulings and regulations, as modified by *Travenol*, diagnostic and testing equipment would qualify for the tax exemption. See Ill. Dep't of Rev. Pvt. Ltr. Ruling No. 81—1171 (October 28, 1981) (exempting electrocardiogram equipment and blood testing equipment as direct diagnostic tools); Ill. Dep't of Rev. Pvt. Ltr. Ruling 85—0514 (May 9, 1985) (exempting diagnostic equipment and blood glucose monitors sold to individuals for treating their personal medical conditions). However, we must consider whether the Department's rules and regulations, so construed, conflict with the Act. The Department's rules may not limit or extend the scope of the statute or otherwise alter its effect. *Du-Mont Ventilating Co. v. Department of Revenue*, 73 Ill. 2d 243, 247-48, 383 N.E.2d 197 (1978); *Highland Park Women's Club v. Department of Revenue*, 206 Ill. App. 3d 447, 457, 564 N.E.2d 890 (1990).

In determining the appropriate scope of the medical-appliance exemption, we note that the Department's private letter rulings are

---

[3]We observe that although the Department's regulation makes reference to "testing *equipment*," a phrase also used by the parties, the ALJ, and the circuit court, the Act refers only to "urine testing *materials*." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 120, par. 439.3.

not precedential. *Union Electric Co.*, 136 Ill. 2d at 400-01. Further, while a rule or regulation interpreting a statutory exemption is entitled to some deference, it is not binding on this court. *Du-Mont Ventilating Co.*, 73 Ill. 2d at 247. Thus, in construing the provisions of the statutory exemption we apply what is essentially a *de novo* standard of review. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 691 N.E.2d 961 (1995).

Preliminarily, we observe that plaintiffs do not challenge the definition of "medical appliance" long promulgated by the Department. This definition provides that a "medical appliance is an item intended by the maker to correct any functioning part of the body or which is used as a substitute for any functioning part of the body." 86 Ill. Adm. Code § 130.310(c)(2) (1985). As the trial court correctly found, testing equipment and diagnostic equipment plainly do not fall within this definition. Thus, the narrow issue before this court is whether the reference in the Act to "insulin, urine testing materials, syringes, and needles used by diabetics" (Ill. Rev. Stat. 1985, ch. 120, par. 439.3) may properly be read as including other testing materials and equipment such as an MRI or CT scanner.

The Department argues that, under the canon of *expressio unius est exclusio alterius*, the Act's express enumeration of urine testing materials used by diabetics means that all other testing materials and equipment are presumed to have been excluded by the legislature.[4] Plaintiffs argue that this reference was only intended as an example, rather than an exhaustive list, of the items exempt. The Department's position is the better one.

■ Had the legislature intended the reference to urine testing materials for diabetics to be merely an example of the type of testing materials exempt under the Act, it could have easily included language so indicating. For instance, the legislature could have said, "insulin, urine testing materials, syringes, and needles used by diabetics *and other testing materials and equipment used to diagnose and/or monitor a medical condition.*" However, the legislature did not do so. Rather, it singled out for exemption the testing materials and other items used by diabetics. The enumeration of these items implies the exclusion of other testing materials. This interpretation of the statute is consistent with the rule that tax laws are to be construed strictly in favor of the taxing body and against exemptions. *Van's Material Co. v. Department*

---

[4]*Expressio unius est exclusio alterius* is a rule of statutory construction which recognizes that "the enumeration of one thing in a statute implies the exclusion of all others." *Baker v. Miller*, 159 Ill. 2d 249, 260, 636 N.E.2d 551 (1994); see also Black's Law Dictionary 602 (7th ed. 1999).

*of Revenue*, 131 Ill. 2d 196, 216, 545 N.E.2d 695 (1989); *Geary v. Dominick's Finer Foods, Inc.*, 129 Ill. 2d 389, 414, 544 N.E.2d 344 (1989). Thus, the Department's regulations and its own interpretations thereof impermissibly enlarged the scope of the statutory exemption.

Even if we were to construe the reference to urine testing materials as an example of the type of testing materials that are exempt, a CT scanner or MRI would still not qualify for exemption. There is a qualitative difference between the materials used by a diabetic to monitor and treat his or her own medical condition and a CT scanner and MRI, which are used by a physician to diagnose a medical condition.

Plaintiffs also argue that because the statute contains an express exemption for insulin, under the *"exclusio"* rule, all other drugs must be excluded. According to plaintiffs, this produces an absurd result because "prescription and nonprescription medicines [and] drugs" are expressly exempt under the Act.

While insulin is available commercially and may be considered a drug (see Physicians' Desk Reference 1462-79 (52d ed. 1998)), it is also a naturally occurring "protein pancreatic hormone" (Webster's Third New International Dictionary 1173 (1993)). Therefore, we agree with the Department that the legislature's specific reference to insulin removed any ambiguity as to whether or not it is exempt as a "drug." Further, had insulin been excluded from the list of exempt items used by a diabetic, a question could well have arisen as to whether the provision exempting drugs, or the provision exempting materials used by diabetics, should control any exemption for insulin used by diabetics. In the first instance, insulin would be exempt; in the second instance, it would not.

Plaintiffs also argue that the *Medcat* case was wrongly decided. However, we need not consider this issue as the decision we reach today, while consistent with the outcome in *Medcat*, is not dependent on the rationale employed in that case.

Finally, citing *Pressed Steel Car Co. v. Lyons*, 7 Ill. 2d 95, 129 N.E.2d 765 (1955), plaintiffs maintain that it is error to void retroactively a Department regulation and interpretation on which taxpayers have relied. In *Pressed Steel*, our supreme court held that it was unreasonable and inequitable to apply a revised regulation retroactively after the taxpayers had entered into contractual relationships upon the basis of the existing regulation. *Pressed Steel*, 7 Ill. 2d at 106. However, plaintiffs cite to nothing in the record suggesting that they contracted for the purchase of the CT scanner and MRI in reliance on the Department's regulations at that time.

For the foregoing reasons, we affirm the judgments of the circuit court.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.