ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 30, 2004

The Honorable Cheryll Mabray
Llano County Attorney
Llano County Courthouse
801 Ford, Room 111
Llano, Texas 78643

Opinion No. GA-0242

Re: Whether a commissioners court may hold an election that creates an emergency service district and imposes a sales and use tax within the proposed district's boundaries (RQ-0202-GA)

Dear Ms. Mabray:

You ask about creating an emergency services district ("ESD") pursuant to Health and Safety Code chapter 776.[1] You state that Llano County called for an election to create an ESD in 2002, but it was not approved because the citizens did not want more ad valorem taxes. *See* Request Letter, *supra* note 1, at 1; Tex. Att'y Gen. Op. No. JC-0392 (2001) (concerning creation of an ESD in Llano County). Many voters have stated that they would vote for an ESD funded with a one cent sales and use tax because everyone pays it, unlike an ad valorem tax paid only by property owners. *See* Request Letter, *supra* note 1, at 1. You also state that Llano County citizens have considered adopting a county health services sales and use tax under Tax Code chapter 324, and you ask whether the county may do so. *See id.* at 2.

We first address the creation of an ESD. The Llano County Commissioners Court wishes to call an election with a petition that includes the following wording:

> The ESD will provide for emergency medical service within the district. The district is to be created and is to operate under Article III, Section 48-e, Texas Constitution with a levy on the ad valorem property situated in said district not to exceed zero cents (0) on the One Hundred Dollars ($100) valuation for the support thereof; provided that no tax shall be levied in support of said district until approved by vote of the qualified voters residing herein. Said district is to be created and is to operate under the adoption of a not to exceed one cent (1) sales and use tax.

*Id.* Accordingly, you ask whether the commissioners court may call an election to create an emergency services district and at the same time call an election for a sales and use tax not to exceed one percent in the emergency service district boundaries. *See id.* at 1.

---

[1]Letter from Honorable Cheryll Mabray, Llano County Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 1, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Texas Constitution article III, section 48-e, provides for establishing ESDs as follows:

> Laws may be enacted to provide for the establishment and creation of special districts to provide emergency services and to authorize the commissioners courts of participating counties to levy a tax on the ad valorem property situated in said districts not to exceed Ten Cents (10¢) on the One Hundred Dollars ($100.00) valuation for the support thereof; provided that no tax shall be levied in support of said districts until approved by a vote of the qualified voters residing therein. Such a district may provide emergency medical services, emergency ambulance services, rural fire prevention and control services, or other emergency services authorized by the Legislature.

TEX. CONST. art. III, § 48-e (added Nov. 3, 1987; amended Nov. 2, 1999). Pursuant to section 48-e, the legislature adopted Health and Safety Code chapter 776, authorizing the creation of ESDs in counties with a population of 125,000 or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 776.003 (Vernon 2003); *see also id.* ch. 775 (Vernon 2003 & Supp. 2004) (authorizing the creation of ESDs without a population restriction). Llano County has a population of approximately 17,500 persons. *See* Request Letter, *supra* note 1, at 1.[2]

To create an ESD located wholly within Llano County pursuant to chapter 776, "a petition signed by at least 100 qualified voters who own taxable real property in the proposed district must be filed with the county judge." *See* TEX. HEALTH & SAFETY CODE ANN. § 776.011(a) (Vernon 2003). The petition must show "that the district is to be created and is to operate under Article III, Section 48-e," the proposed district's name and boundaries, the services it will provide, that its creation complies with Health and Safety Code section 776.021, which pertains to overlapping districts, and certain information pertaining to the petitioners. *Id.* § 776.013. After the county judge receives the petition and files it with the county clerk, the commissioners court schedules a hearing to consider the petition. *See id.* § 776.015(a)-(b).

Notice of the hearing must state, among other things, that the district is to be created and operate under Texas Constitution article III, section 48-e, the name of the proposed district, and its boundaries and functions. *See id.* § 776.015(c). At the hearing, the commissioners court "shall consider the petition and each issue relating to the creation of the district," and any interested person may appear "to support or oppose creation of the district." *Id.* § 776.016(a)-(b). "If after the hearing the commissioners court finds that the proposed district is feasible, will benefit the territory in the district, will secure the public safety, welfare, and convenience, and will aid in conserving the real property or natural resources . . . , the commissioners court shall grant the petition and fix the district's boundaries." *Id.* § 776.017(a). On granting a petition, the commissioners court "shall order an election to confirm the district's creation and authorize the levy of a tax not to exceed the rate allowed by Section 48-e, Article III, Texas Constitution." *Id.* 776.019(a). "If a majority of the votes

---

[2]*See* U.S. Census Bureau, Texas QuickFacts Llano County, *available at* http://quickfacts.census.gov/qfd/states /48/48299.html (visited July 29, 2004).

cast in the election favor confirmation, the district is created." *Id.* 776.020(a). The commissioners court of a county in which a single-county district is located appoints a five-member board of emergency commissioners to serve as the district's governing body. *See id.* § 776.033(a) (Vernon Supp. 2004).

Attorney General Opinion JM-1010 addressed legislation implementing Texas Constitution article III, section 48-e. The commissioners court, acting under the predecessor of Health and Safety Code chapter 775, wished to limit the tax to be levied in support of an ESD to a maximum rate of six cents per $100 valuation and to provide for that amount in the election order. *See* Tex. Att'y Gen. Op. No. JM-1010 (1989) at 1 (addressing former article 2351a-8, Revised Civil Statutes). The statute stated that "the commissioners court shall call an election to confirm the organization and authorize the levy of an ad valorem tax in an amount not to exceed ten cents on the $100 valuation." *See* Act of May 22, 1987, 70th Leg., R.S., ch. 673, § 8, 1987 Tex. Gen. Laws 2495, 2496 (formerly codified as section 8, article 2351a-8, Revised Civil Statutes). Opinion JM-1010 found the statute to be ambiguous as to whether it required the election order to include the maximum constitutional rate of ten cents on the $100 valuation or allowed the commissioners court to set a lower maximum tax rate in the election order. *See* Tex. Att'y Gen. Op. No. JM-1010 (1989) at 3. After reviewing the relevant provisions in context, the opinion concluded that the statute did not allow the commissioners court any discretion as to the maximum tax rate and the election order must track the statutory language as to tax rate. *See id.* at 4. Attorney General Opinion JC-0392 also concluded that an election order to establish an ESD must strictly conform to statutory language stating the tax rate. *See* Tex. Att'y Gen. Op. No. JC-0392 at 4 (construing a prior version of Health and Safety Code section 776.019). More importantly, opinion JC-0392 determined that article III, section 48-e did not bar the legislature from adopting statutes authorizing the levy of a tax less than ten cents on the $100. *See id.* at 5.

Amendments to chapter 776 that became effective following the issuance of opinion JC-0392 allow the commissioners court to set the maximum property tax rate for an ESD at less than ten cents per $100 valuation. *See* Act of May 28, 2001, 77th Leg., R.S., ch.1140, § 6, 2001 Tex. Gen. Laws 2542, 2543-44. Section 776.019(a) was amended to provide as follows: "On the granting of a petition, the commissioners court shall order an election to confirm the district's creation and authorize the levy of a tax not to exceed *the rate allowed by Section 48-e, Article III, Texas Constitution.*" Tex. Health & Safety Code Ann. § 776.019(a) (Vernon 2003) (adopted by Act of May 28, 2001, 77th Leg., R.S., ch.1140, § 6, 2001 Tex. Gen. Laws 2542, 2544) (language of amendment emphasized).

Although the amendment to section 776.019(a) does not expressly state that the election order may authorize a maximum tax rate of less than ten cents on the $100 property valuation, the legislative history is explicit on this point. A bill analysis states that the 2001 enactment amends the Health and Safety Code to provide that the tax rate of an ESD "is any rate allowed by the Texas Constitution." House Comm. on County Affairs, Bill Analysis, Tex. H.B. 2744, 77th Leg., R.S. (2001). Moreover, the same 2001 enactment included another provision regarding the maximum tax rate for an ESD. Section 776.0755 provides as follows:

> A board [of emergency commissioners][3] may order an election to increase the maximum tax rate of the district to any rate at or below the rate allowed by Section 48-e, article III, Texas Constitution. The proposition on the ballot must state the proposed maximum tax rate to be authorized at the election.

TEX. HEALTH & SAFETY CODE ANN. § 776.0755(a) (Vernon 2003) (adopted by Act of May 28, 2001, 77th Leg., R.S., ch.1140, § 6, 2001 Tex. Gen. Laws 2542, 2544). This provision must mean that an ESD may be created with a maximum property tax rate of less than ten cents on the $100 valuation. Otherwise, the ESD board could not possibly seek to increase the maximum tax rate and the above provision would be meaningless. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (presumption that the entire statute is intended to be effective). The commissioners court's election order may authorize a maximum property tax rate at any rate up to and including the ten cents on $100 valuation allowed by article III, section 48-e. Of course, once an ESD is established, it may tax in any year at less than the maximum rate that it has adopted. *See* Tex. Att'y Gen. Op. No. JM-1010 at 5; *see also* TEX. HEALTH & SAFETY CODE ANN. § 776.075(a) (Vernon 2003) (board shall annually impose an ad valorem tax on real and personal property in the district for the district's support and the purposes of chapter 776).

A tax rate of zero is not unprecedented. *See N. Shore MRI Ctr. v. Ill. Dep't of Revenue*, 723 N.E.2d 726, 728 (Ill. App. Ct. 1999) (zero percent tax rate for certain goods provided by statute); Op. Mo. Att'y Gen. No. 69-2004 (ambulance district set its property tax rate at zero in shifting to support by sales tax). We assume that the newly created ESD will not have any bonded indebtedness or obligations to third parties that will be jeopardized by the absence of any property tax support.

However, the commissioners court is not authorized to call an election to adopt a sales tax to support an ESD. No sales and use tax may be adopted until after a district has been confirmed and the commissioners court has appointed its board. *See* TEX. HEALTH & SAFETY CODE ANN. § 776.033(a) (Vernon Supp. 2004). "A *district* may adopt a sales and use tax . . . at an election held as provided by Section 776.0752." *Id.* § 776.0751(a) (Vernon 2003) (emphasis added). "An election [to adopt a sales and use tax] is called by the adoption of a resolution by *the board.*" *Id.* § 776.0752(b) (emphasis added). At the election, the ballot shall permit voting "for or against the proposition: 'The adoption of a local sales and use tax in (name of district) at the rate of (proposed tax rate) percent.'" *Id.* § 776.0752(c).

We conclude in answer to your question that the commissioners court may not order an election to create an emergency service district and at the same time impose a sales and use tax within the proposed district's boundaries. If the election order sets the maximum property tax rate at zero, the board is unlikely to have the funds necessary to pay board members' expenses or the expenses of an election to adopt a sales and use tax. *But see id.* § 776.031(5) (district may accept and receive donations). Thus, while there may not be a legal impediment against setting the tax rate at zero, it may be impossible as a practical matter to establish an ESD with a zero tax rate.

---

[3]"Board" means the board of emergency commissioners. *See* TEX. HEALTH & SAFETY CODE ANN. § 776.001(1) (Vernon 2003).

You also ask whether Llano County may adopt a sales and use tax under Tax Code chapter 324, which authorizes a county with a population of 50,000 or less to adopt a one-half percent sales and use tax to provide health services in the county. *See* Request Letter, *supra* note 1, at 2; TEX. TAX CODE ANN. §§ 324.021-.022, .081 (Vernon 2002) (tax shall be adopted or abolished by election in the county). A county may not adopt the sales and use tax if as a result "the combined rate of all sales and use taxes imposed by the county and other political subdivisions having territory in the county would exceed two percent *at any location in the county*." TEX. TAX CODE ANN. § 324.021(b) (Vernon 2002) (emphasis added). You state that the one-half percent tax rate authorized by Tax Code chapter 324 combined with the rate of sales and use taxes established in the City of Llano would exceed a two percent tax rate within the city. *See* Request Letter, *supra* note 1, at 2.

Chapter 324 requires the sales and use tax to be established throughout the county. It must be approved "at an election held in the county," and the ballot shall permit adopting a "local sales and use tax in (name of county)." TEX. TAX CODE ANN. §§ 324.021(a), .061(b) (Vernon 2002). These chapter 324 provisions may be contrasted with Health and Safety Code section 776.013(3), which requires the petition to establish an ESD to describe the "proposed district's boundaries as designated by metes and bounds or other sufficient legal description," and section 776.020(d), requiring the commissioners courts' order recognizing the ESD's creation to "insert description [of district] unless the district is countywide." TEX. HEALTH & SAFETY CODE ANN. §§ 776.013(3), .020(d) (Vernon 2003). Nothing in chapter 324 provides for establishing the sales and use tax in an area less than the entire county. Llano County may not adopt the sales and use tax authorized by Tax Code chapter 324 if that tax, when combined with the rate of sales and use taxes imposed by the county and other political subdivisions having territory in the county, would exceed two percent anywhere in the county. *See* TEX. TAX CODE ANN. § 324.021(b) (Vernon 2002). *See generally Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (court construes a statute by looking to the plain meaning of its language). If the one-half percent tax rate authorized by Tax Code chapter 324 combined with the rate of sales and use taxes established in the City of Llano would exceed a two percent tax rate within the city, Llano County may not adopt the sales and use tax authorized by chapter 324.

## S U M M A R Y

Health and Safety Code chapter 776 does not authorize a commissioners court to call an election to create an emergency service district and at the same time call for an election for a sales and use tax in the emergency service district boundaries. The election order must provide for an election to confirm the district's creation and authorize the levy of a property tax, setting the maximum tax rate at any rate that does not exceed the ten cents on the $100 valuation allowed by Texas Constitution article III, section 48-e. Only the district board may call an election to adopt a sales and use tax.

Tax Code chapter 324 provides for a county-wide sales and use tax to fund county health services. A county may not adopt the chapter 324 tax if the tax rate authorized by that chapter combined with the rate of all sales and use taxes imposed in any city within the county exceeds two percent in that city.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee